**FILED**

1    LYNNE C. HERMLE (State Bar No. 99779)
     lchermle@orrick.com
2    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
3    Menlo Park, CA  94025
     Telephone:  650-614-7400
4    Facsimile:  650-614-7401

5    TINA M. TRAN (State Bar No. 186529)
     ttran@orrick.com
6    ORRICK, HERRINGTON & SUTCLIFFE LLP
     777 South Figueroa Street, Suite 3200
7    Los Angeles, CA  90017
     Telephone:  213-629-2020
8    Facsimile:  213-612-2499

9    TRISH M. HIGGINS (State Bar No. 119215)
     thiggins@orrick.com
10   ERIN M. CONNELL (State Bar No. 223355)
     econnell@orrick.com
11   ORRICK, HERRINGTON & SUTCLIFFE LLP
     400 Capitol Mall, Suite 3000
12   Sacramento, CA  95814-4497
     Telephone:  916-447-9200
13   Facsimile:  916-329-4900

14   Attorneys for Defendant
     Morgan Stanley & Co. Incorporated

15                  UNITED STATES DISTRICT COURT

16                  CENTRAL DISTRICT OF CALIFORNIA

17

18

19   JEREMY J. DRAKE and ADAM          Case No. **CV09-6467 MRP (RCx)**
20   SCOTT, on behalf of themselves and
     others similarly situated,         **NOTICE OF REMOVAL**
21                                      **UNDER 28 U.S.C. §§ 1332, 1441,**
                Plaintiffs,             **AND 1453**
22
           v.
23
     MORGAN STANLEY & COMPANY,
24   INC., MORGAN STANLEY DW,
     INC., and DOES 1 through 100
25   inclusive,
26              Defendants.
27

28

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Morgan Stanley & Co. Incorporated (sued erroneously herein as "Morgan Stanley & Co. Inc., Morgan Stanley DW, Inc.") ("Defendant") files this notice of removal pursuant to 28 U.S.C. sections 1332, 1441, and 1453, to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California in and for the County of Los Angeles, and states that the removal is proper for the following reasons.

## BACKGROUND

1.      On or about July 30, 2009, Plaintiffs Jeremy J. Drake ("Drake") and Adam Scott ("Scott") (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, filed a Complaint against Defendant in the Superior Court of the State of California, County of Los Angeles, Case No. BC418920 (the "Complaint").  A true copy of the complaint and the summons and other papers issued with the complaint are attached to this notice as Exhibit A.  The allegations of the Complaint in the Action are incorporated by reference in this Notice of Removal without necessarily admitting any of them.

2.      The Complaint purports to assert five class-wide causes of action for relief against Defendant stemming from Plaintiffs' and putative class members' employment with Defendant.  Specifically, the Complaint asserts causes of action of (1) failure to pay earned wages free and clear of employer deductions, charges and expenses; (2) failure to pay minimum wage for all hours worked; (3) failure to pay premium overtime compensation; (4) failure to timely pay earned wages; and (5) unfair competition and restraint of trade.

/ / / /

/ / / /

**TIMELINESS OF REMOVAL**

3.      Defendant was served with the Complaint and the other papers that are attached as Exhibit A on August 5, 2009.  Therefore, this Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by a defendant of a copy of the Summons and Complaint in this matter.  28 U.S.C. § 1446(b).

4.      On September 3, 2009, Defendant filed with the Los Angeles County Superior Court and served Plaintiffs with its Answer to Plaintiff's Complaint, a true copy of which is attached hereto as Exhibit B.

5.      Defendant is informed and believes and on that basis alleges that there have been no other named defendants in this case and that no other defendant, whether named or not, has been served with or otherwise received the Complaint in the Action.

6.      "Morgan Stanley DW, Inc." merged into Defendant Morgan Stanley & Co. Incorporated on or about April 1, 2007.  *See* Declaration of Joseph Colombo in Support of Defendant's Notice of Removal ("Colombo Decl."), ¶ 2.  All defendants (excluding Does) join in this Notice of Removal.

**DIVERSITY JURISDICTION – CLASS ACTION FAIRNESS ACT**

7.      This action is removable under the Class Action Fairness Act of 2005 ("CAFA"), codified in 28 U.S.C. § 1332(d).  The Court has original jurisdiction of this action under Section 1332(d)(2), and the action is removable pursuant to the provisions of 28 U.S.C. sections 1441(a) and 1453, as it is a class action in which at least one class member is a citizen of a state different from that of the Defendant, the class size exceeds 100 members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  Further, no defendant identified in the Complaint is a state, officer of a state or a governmental agency.  28 U.S.C. § 1332(d)(5).

/ / / /

/ / / /

### Diverse Citizenship of the Parties

8.     **Plaintiffs' Citizenship**.  Plaintiffs, as they allege, are residents of the State of California.  (Complaint, ¶ 1).  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Plaintiffs therefore are citizens of California.

9.     **Defendant's Citizenship**.  Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Defendant is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware, with its principal place of business in the State of New York.  *See* Colombo Decl., ¶ 3.  Defendant conducts business in many states, does not conduct a majority of its activities in any single state, and its corporate headquarters is located in New York.  *See Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990) (where corporation conducts business in many states and does not conduct majority of its business in any single state, state of corporate headquarters is the corporation's principal place of business).

10.     **Doe Defendants**.  Pursuant to 28 U.S.C. section 1441(a), the citizenship of fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.

### Class Size

11.     The Complaint alleges that "the class includes over one thousand current and former Financial Advisors."  (Complaint, ¶ 33).  More precisely, during the class period, over four thousand individuals were or are employed by Morgan Stanley in California as Financial Advisors.  *See* Declaration of Niki Demakis

/ / / /

1   Sakarellos ("Sakarellos Decl."), ¶ 4.  Accordingly, the putative class exceeds the

2   minimum size of at least 100 proposed plaintiffs in the aggregate.

3                        **Amount in Controversy/Class Claims**

4        12.   The alleged amount in controversy is this class action exceeds, in the

5   aggregate, five million dollars ($5,000,000).  The Complaint seeks reimbursement

6   for alleged unlawful deductions from wages under California Labor Code sections

7   221, 223, 300, 400-407, 450 and 2802.  The Complaint also alleges that Morgan

8   Stanley failed to pay plaintiffs and the putative class members minimum wage, and

9   seeks recovery of the alleged unpaid balance of the full amount of the minimum

10  wage.  The Complaint also alleges that plaintiffs and the putative class members

11  routinely worked overtime hours without receiving premium pay, and seeks

12  payment of overtime wages under California Labor Code sections 510 and 1194.

13  Further, the Complaint seeks recovery of the alleged unpaid wages as restitution

14  under California Business & Professions Code Section 17200, which has a four-

15  year statute of limitations.  Cal. Bus. & Prof. Code § 17208.  Additionally, the

16  Complaint seeks payment of waiting time penalties under California Labor Code

17  section 203, which provides that the wages of an employee shall continue at their

18  regular rate for a period of up to 30 days if all concededly due wages are not paid at

19  the time of termination.  The Complaint also seeks payment of civil penalties under

20  California Labor Code § 2699 (the Private Attorney General Act of 2004

21  ("PAGA")) for the alleged Labor Code violations described in this paragraph.  As

22  set forth below, the amount in controversy implicated by these class-wide

23  allegations exceeds five million dollars.

24       13.   **Payments for Alleged Unlawful Deductions:**  The Complaint alleges

25  that Morgan Stanley made unlawful de facto deductions from the wages of

26  plaintiffs and the putative class members by requiring them to pay business

27  expenses out of their own personal funds, without reimbursement, including

28  expenses for items such as compensation for assistants, travel costs, promotion and

marketing expenses, telecommunication charges, and other business expenses. (Complaint, ¶ 44). The Complaint also seeks reimbursement of the alleged de facto deductions as restitution under California Business & Professions Code Section 17200. (Complaint, ¶ 46). If each putative class member incurred unpaid expenses in the amount of $10 per week for each week that a putative class member was employed in a class position over the four-year period, the amount of unpaid expenses at issue (exclusive of interest) totals approximately $5.8 million. *See* Sakarellos Decl., ¶ 5.

14. **Failure To Pay Minimum Wage For All Hours Worked:** The Complaint alleges that plaintiffs and putative class members routinely worked long periods of time for sub-minimum wages, and frequently had negative earnings for weeks or months at a time. (Complaint, ¶ 49). The Complaint also seeks to recover the alleged unpaid balance of the minimum wage as restitution under California Business & Professions Code Section 17200. (Complaint, ¶ 50). If each putative class member was entitled to one week of unpaid minimum wages for each year (or portion thereof) that a putative class member was employed in a class position over the four-year period, the amount of the unpaid balance of the minimum wage at issue (exclusive of interest) totals approximately $3.8 million. *See* Sakarellos Decl., ¶ 6.

15. **Overtime Wages:** With respect to the allegations regarding unpaid overtime, the Complaint alleges that putative class members did not meet the objective compensation thresholds necessary to qualify for any potential exemption to Labor Code section 510, although they routinely worked overtime hours without being paid overtime. (Complaint, ¶¶ 36(c), 54). The Complaint also seeks the alleged unpaid overtime as restitution under California Business & Professions Code Section 17200. (Complaint, ¶ 54). Computing overtime at one hour per week for each week that a putative class member was employed in a class position over

/ / / /

1  the four-year period, the amount of overtime pay at issue (exclusive of interest)

2  totals approximately $5.8 million. *See* Sakarellos Decl., ¶ 7.

3      16.   **Waiting Time Penalties Under Labor Code Section 203**: The

4  Complaint alleges that Defendant failed to pay the plaintiffs and putative class

5  members all wages due at termination, and seeks "waiting penalties" under

6  California Labor Code section 203 of thirty days backpay for each putative class

7  member no longer employed by Morgan Stanley. (Complaint, ¶ 59). The value of

8  this class claim for waiting time penalties totals approximately $2.6 million. *See*

9  Sakarellos Decl., ¶ 8.

10      17.   **Attorney's Fees**: The Complaint also alleges that class members are

11  entitled to recover attorney's fees. (Complaint, ¶¶ 50, 64, and Prayer #7). Requests

12  for attorney's fees must be taken into account in ascertaining the amount in

13  controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)

14  (claims for statutory attorney's fees to be included in amount in controversy,

15  regardless of whether award is discretionary or mandatory).

16      18.   Because diversity of citizenship exists – the plaintiffs are citizens of

17  the State of California and the Defendant is a citizen of the States of Delaware and

18  New York, because the class size exceeds 100 members, and because the amount in

19  controversy exceeds five million dollars, this Court has original jurisdiction of the

20  action pursuant to 28 U.S.C. section 1332(d)(2). This action is therefore a proper

21  one for removal to this Court.

22                             **No Bases for Declining Jurisdiction Exists**

23      19.   There are no bases for this Court to decline jurisdiction. The CAFA

24  permits a district court to decline to exercise its jurisdiction only in specified

25  instances where a primary defendant is a citizen of the forum state. 28 U.S.C.

26  § 1332(d)(3) and (4). Here, the sole defendant is not a citizen of California.

27  / / / /

28  / / / /

**VENUE**

20.    Venue lies in the Central District of this Court pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(a).  This action originally was brought in the Superior Court of the State of California, County of Los Angeles.

**NOTICE OF REMOVAL**

21.    This Notice of Removal will be promptly served on Plaintiffs and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

22.    In compliance with 28 U.S.C. section 1446(a), attached are copies of the state-court papers served herein – the complaint and the summons and other papers issued with the complaint (Exhibit A), and Defendant's Answer to Plaintiffs' Class Action Complaint (Exhibit B).

WHEREFORE, defendant Morgan Stanley & Co. Incorporated prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court of the Central District of California.

Dated:  September 4, 2009.

LYNNE C. HERMLE
TINA M. TRAN
TRISH M. HIGGINS
ERIN M. CONNELL
ORRICK, HERRINGTON & SUTCLIFFE LLP


_____
Trish M. Higgins
Attorneys for Defendant
Morgan Stanley & Co. Incorporated

**CONFORMING COPY**

VAN VLECK TURNER & ZALLER LLP
   Brian F. Van Vleck, State Bar No. 155250
   Anthony J. Zaller, State Bar No. 224844
555 West Fifth Street
31st Floor
Los Angeles, California 90013
Telephone: (213) 996-8445
Facsimile: (213) 996-8378

Attorneys for Named Plaintiffs
Jeremy J. Drake and Adam Scott

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 30 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
RUGENA LOPEZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

JEREMY J. DRAKE AND ADAM SCOTT, on
behalf of themselves and others similarly situated

          Plaintiffs,

    vs.

MORGAN STANLEY & COMPANY, INC.,
MORGAN STANLEY DW, INC., and DOES 1
through 100 inclusive,

          Defendants.

**CASE NO: BC418920**

**CLASS ACTION**

COMPLAINT FOR:

(1) FAILURE TO PAY EARNED WAGES
FREE AND CLEAR OF EMPLOYER
DEDUCTIONS, CHARGES AND
EXPENSES;

(2) FAILURE TO PAY MINIMUM WAGE
FOR ALL HOURS WORKED;

(3) FAILURE TO PAY PREMIUM
OVERTIME COMPENSATION;

(4) FAILURE TO TIMELY PAY EARNED
WAGES;

(5) UNFAIR COMPETITION AND
RESTRAINT OF TRADE.

CLASS ACTION COMPLAINT

- 9 -

Van Vleck
Turner & Zaller, LLP

EXHIBIT A

1    Named Plaintiff, Jeremy J. Drake and Adam Scott (collectively, "Named Plaintiffs"), file

2 this Complaint against Morgan Stanley & Co., Inc., Morgan Stanley DW, Inc. and DOES 1-100,

3 (collectively, "Morgan Stanley"). Plaintiffs are informed, believe and allege as follows:

4

5                                    **I. THE PARTIES**

6    1.    Named Plaintiffs are, or were, employees of Defendant Morgan Stanley, who have

7 resided in California at all times relevant hereto.

8    2.    Defendant Morgan Stanley is a global financial services firm specializing in wealth

9 management for individuals and investors. Morgan Stanley reportedly has $1.7 trillion dollars in

10 client assets under management and employs a workforce of approximately 45,000. Morgan

11 Stanley is a publicly traded bank holding company headquartered in New York. At all times

12 relevant hereto, Morgan Stanley's principal place of business within the State of California has

13 been located in the County of Los Angeles.

14   3.    At all times mentioned herein, each Defendant was acting in an individual,

15 corporate, affiliate, employer, employee, supervisor, agency, associate aider and abetter and/or alter

16 ego of each remaining Defendant, and were acting with permission and consent of each other, and

17 within the course and scope of said agency and/or employment.

18   4.    Does 1 through 100, inclusive, are sued as fictitious names since their true names

19 and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained,

20 Plaintiff will amend the Complaint to state the same. On information and belief, some of the

21 fictitiously named Defendants are officers, directors, employees and/or agents of Morgan Stanley.

22

23                          **II. JURISDICTION AND VENUE**

24   5.    Jurisdiction is proper in this Court by virtue of California statutes, decisional law,

25 regulations. Venue in this Court is proper in that Morgan Stanley' principal place of business

26 within the state of California is located in Los Angeles County, California.

27 ///

28 ///

Van Vleck
Turner & Zaller, LLP

1

CLASS ACTION COMPLAINT

EXHIBIT A

## III.  APPLICABLE LAW

6.      At all relevant times herein, Defendant Morgan Stanley was a California employer subject to the provisions of the California Labor Code and the Wage Orders of the California Industrial Welfare Commission, including Wage Orders 4-2001 and 7-2001.

7.      California's legislative and regulatory scheme is avowedly paternalistic and creates detailed, non-waivable rights and duties for the express purpose of protecting employees from the coercion and overreaching by employers, who are presumed to possess superior bargaining power and information.  It is the employer's burden to plead and prove any purported exemption or defense to these minimum labor requirements which, as a matter of law must be broadly construed in favor of the Legislature's purpose of protecting and benefiting employees.

8.      Under the California Labor Code and decisional law, employers are required to promptly pay all wages owed to an employee.  California "Public policy has long favored the 'full and prompt payment of wages due an employee. Wages are not ordinary debts. Because of the economic position of the average worker and, in particular, his family, it is essential to the public welfare that he receive his pay promptly.  Thus, the prompt payment of wages serves society's interests through a more stable job market, in which its most important policies are safeguarded."[1]

9.      Pursuant to California law and public policy, wages become the property of the employee immediately upon satisfaction of the conditions precedent to the vesting of such property rights, as determined by either contract or statute.  Once vested, wages must be immediately distributed to the employee as the rightful possessor of this property, without deduction or delay, subject to only those narrow exceptions as authorized by explicit provisions of the California Labor Code or the Wage Orders promulgated by the California Industrial Welfare Commission.

10.      California Labor Code section 2802 further requires each California employer "shall indemnify his or her employee[s] for all necessary expenditures or losses incurred by the employee[s] in direct consequence of the discharge of his or her duties, or of his or her obedience

---

[1] *Gould v. Maryland Sound Industries, Inc.*, 31 Cal.App.4th 1137, 1148-49 (1995) (internal citation and punctuation omitted) (italics in original).

CLASS ACTION COMPLAINT

1  to the directions of the employer, even though unlawful, unless the employee, at the time of

2  obeying the directions, believed them to be unlawful." Section 8 of the applicable Wage Orders

3  further provides that "No employer shall make any deduction from the wage or require any

4  reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless . . .

5  caused by a dishonest or willful act, or by the gross negligence of the employee."

6        11.    California law, including Labor Code sections 221, 223, 300, 400-407, 450, and

7  2802, collectively require that all earned wages must be timely paid, and free and clear of any and

8  all employer deductions, set offs, charges or expenses. The California Supreme Court has

9  interpreted these provisions as prohibiting any employer compensation scheme whereby employees

10 are directly or indirectly made to act as the "insurers of the employer's business losses."[2]

11       12.    California law, including Labor Code sections 200-204, require that the full amount

12 of all such free and clear wages earned by the employee are due to be paid no less frequently than

13 once per month during the term of employment and "immediately" upon termination of

14 employment, or within 72 hours where the employee has resigned with less than 72 hours notice.

15       13.    California law, including Labor Code sections 1194(a), 1194.2, 1197, 1197.1, 1198,

16 and Section 4 of the applicable Wage Orders, requires that, absent proof an applicable affirmative

17 defense by the employer, employees are entitled to be compensated at a base minimum rate for

18 each hour or portion thereof during which they are either subject to the employer's control or

19 during which they are suffered or permitted to work. All such compensable time must be paid at

20 the legally applicable rate, generally the higher of the applicable minimum wage, the applicable

21 hourly rate specified by the parties express or implied wage agreement, or the applicable overtime

22 rate determined by law.

23       14.    California law, including Labor Code sections 510, and Section 3 of the applicable

24 Wage Orders, requires that, absent proof an applicable affirmative defense by the employer,

25 employees are entitled to be compensated at premium rates for each hour or portion thereof during

26 which they are suffered or permitted to work overtime. All such overtime work, including all hours

27 ─────────────────────

[2] *Kerr's Catering Service v. Department of Industrial Relations*, 57 Cal.2d 319, 327 (1962).

28

VAN VLECK
TURNER & ZALLER, LLP

1 | worked over eight in a day or 40 in a week must be compensated at the legally required premium

2 | rate of 150% or 200% of the employee's regular rate of compensation.

3 |      15.    California law and public policy, including Labor Code Sections 206.5, 219(a),

4 | 1194(a), and 2804, prohibit the formation or enforcement of any purported agreement by which

5 | employees are to work without compensation or at a rate below the lawfully prescribed amounts.

6 | All such express or implied agreements are "null and void."

7 |      16.    Pursuant to California Labor Code sections 226(a) and 1174, and Wage Order

8 | section 7, employers are required to keep accurate, itemized records of all hours worked and all

9 | compensation earned by employees.

10 |      17.    Notwithstanding these provisions of law, and as described in greater detail below,

11 | Morgan Stanley has systematically and willfully refused to pay the legal compensation of Named

12 | Plaintiffs and the Class and has instead diverted and retained these earned wages for its own

13 | benefit.

14 |      18.    Pursuant to the Labor Code Private Attorney General Act of 2004 ("PAGA"),

15 | aggrieved employees who are subject to a violation of these or other Labor Code provisions are

16 | entitled to recover penalties as authorized by PAGA or the Labor Code generally.

17 |      19.    Business and Professions Code section 16700 *et seq.* prohibits acts or agreements,

18 | including agreements coerced or imposed by a party with superior bargaining power, which have

19 | the purpose or effect of restraining trade or inhibiting the mobility of goods and services. Section

20 | 16722 provides that "Any contract or agreement in violation of this chapter is absolutely void and

21 | is not enforceable at law or in equity."

22 |      20.    Business and Professions Code section 16600 provides that "every contract by

23 | which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is

24 | to that extent void."

25 |      21.    The California Unfair Competition Law, Business and Professions Code section

26 | 17200 *et. seq.* (the "UCL"), provides that conduct which is unlawful, unfair, or fraudulent also

27 | constitutes an independent violation of the UCL, and entitles injured parties to remedies, including

28 | restitution of withheld monies, disgorgement of ill-gotten gains, declaratory and injunctive relief.

CLASS ACTION COMPLAINT

VAN VLECK
TURNER & ZALLER, LLP

EXHIBIT A

1 | Violations of the Labor Code necessarily constitute an unlawful business practice, as does requiring

2 | employees to enter into void or illegal agreements in violation of public policy.

3 |      22.    Plaintiff and the Class are further entitled to payment of applicable liquidated

4 | damages, interest, penalties, attorney fees and costs, and such other penalties and legal and

5 | equitable remedies as are provided by law for Defendant's improper conduct.

6 |

7 | **IV.  FACTUAL ALLEGATIONS**

8 |      23.    Morgan Stanley enjoys substantial market dominance as one of the largest and best

9 | known global financial advisory firms.  Morgan Stanley has devised common recruiting,

10 | compensation, and employment practices and policies to maintain and increase its market

11 | dominance.

12 |      24.    For example, it is Morgan Stanley's standard operating policy to promise attractive

13 | "bonuses" and compensation packages to induce FAs to accept employment and begin the process

14 | of moving clients and accounts from their prior firms to Morgan Stanley.  Once a new recruit has

15 | "burned his bridge" by terminating his prior employment relationship and has just started work

16 | with Morgan Stanley he lacks any realistic alternative to continuing his new employment

17 | relationship with Morgan Stanley.

18 |      25.    Morgan Stanley is fully aware that this is the point of maximum vulnerability and

19 | unequal bargaining power.  As a result, it is Morgan Stanley's standard operating practice to

20 | unexpectedly alter the nature of the promised employment by requiring newly hired FAs to abide

21 | by a set of previously undisclosed policies and "agreements" which are onerous, illegal, and

22 | unconscionable.  The policies and coerced "agreements" which are unexpectedly imposed on new

23 | FAs include the following:

24 |

25 |     a.  That the FA must execute a promissory note in the same amount as his "bonus" and the

26 |          principal and interest payments for this note will thereafter be deducted from the wages

27 |          that were offered and promised as an inducement to employment.  In other words, the

28 |          promised "bonus" is not paid free and clear and is revealed to be nothing more than an

1    illusory scheme to place the FA in the dependant position of being in debt to Morgan

2    Stanley.

3

4    b.   That the value of the FAs "good will" shall immediately become the property of

5         Morgan Stanley, even if the FA's relationship with the client predates any affiliation

6         with Morgan Stanley.

7

8    c.   That Morgan Stanley may terminate the FAs employment at any time without notice or

9         just cause and without any adverse consequences.  Whereas, if the FA resigns his

10        employment (or is fired with or without cause), the entire amount of his promissory note

11        becomes immediately due and payable to Morgan Stanley and he will be restrained

12        from freely communicating with his own clients for a full year.

13

14   d.   That the FA's compensation would be further reduced by the amount of Morgan

15        Stanley's business expenses which he will be required to pay out his own pocket,

16        including such items as compensation for assistants, travel costs, promotion and

17        marketing expenses, telecommunication charges, and other normal and necessary

18        business expenses.

19

20   e.   That the FA would receive no fixed salary and that his compensation would be subject

21        to a fixed monthly debit of approximately $2,600-$3,000, which would also accumulate

22        over time as an aggregate "deficit" which would merely increase his debt to Morgan

23        Stanley.

24

25   f.   That commissions earned by the FA would not be paid until well over 30 days after the

26        date they were earned and would not be paid "immediately" upon termination or within

27        72-hours of resignation.

28

VAN VLECK
TURNER & ZALLER, LLP

6                                                    CLASS ACTION COMPLAINT

EXHIBIT A

26.     The purpose and effect of these policies is to attract FAs and their portable business and to restrict their mobility and prevent them from leaving Morgan Stanley in the future. The cumulative effect of these policies is to place FAs in a situation of long term debt to Morgan Stanley and to increase the financial penalties for leaving employment to prohibitive levels. As a result, these policies are sometimes referred to euphemistically as "golden handcuffs." The "gold" accrues mainly to Morgan Stanley, however, as the FAs must generate ever larger profits for Morgan Stanley in order to emancipate themselves from this advanced form of "indentured servitude."

27.     Morgan Stanley's "golden handcuff" compensation system had the additional purpose and effect of restraining competition for its clients, thereby allowing it to charge higher fees than it would otherwise be able to command.

28.     All of the Named Plaintiffs were recruited and employed by Morgan Stanley as FAs and were subject to the same employment, expense reimbursement, and compensation policies which applied to all other members of the Class who worked in the state of California for the four years prior to the filing of the present Complaint (the "Class Period" or "Limitations Period").

29.     Plaintiff is bringing a representative action on behalf of similarly situated employees pursuant to bring an action for recovery of penalties authorized by the California Private Attorney Generals Act, Labor Code section 2698 et seq. ("PAGA"). Plaintiff has exhausted, or is in the process of exhausting, all administrative prerequisites to maintaining such a representative action. Plaintiff seeks to recover all penalties authorized by the PAGA and/or California Labor Code on behalf of the Class and the State of California.

## V. CLASS ALLEGATIONS

30.     This action is being brought on behalf of Plaintiffs and all others similarly situated (collectively, "Plaintiffs" or "the Class"), as a class action pursuant to California Code of Civil Procedure section 382.

31.     Plaintiffs thus seek to represent all Morgan Stanley employees who were employed in the position of Financial Advisor in California during the applicable statute of limitations and

1  who were subjected to the illegal conduct alleged herein.  Plaintiffs reserve their right under Rule

2  3.765 of the California Rules of Court to amend or modify the Class description with greater

3  specificity or by further division into subclasses or limitation to particular issues.

4      32.      Plaintiffs are members of the Class they seek to represent and are the proposed

5  representative of the Class in the present litigation.

6      33.      While the exact number of members of the Class is unknown to Plaintiffs at this

7  time and can only be determined by appropriate discovery, membership in the class is readily

8  ascertainable from the records Morgan Stanley is required to keep by law.  Plaintiffs are informed

9  and believe that the Class includes over one thousand current and former Financial Advisors and is

10  sufficiently numerous that individual joinder of all members is impractical and the resolution of the

11  claims alleged through the class action procedure will be beneficial to the parties and the court.

12      34.      Plaintiffs will fairly and adequately represent the interests of the Class which they

13  propose to represent.  Plaintiffs are adequate representatives as they have no interests which are

14  adverse to the interests of the Class.  Plaintiffs are committed to the vigorous prosecution of this

15  action and, to that end, have retained counsel who are competent and experienced in handling

16  employment-related class action litigation.

17      35.      The claims of Plaintiffs are typical of the claims of the other members of the Class

18  because Plaintiffs and each member of the Class have been subjected to the same systemic

19  violations of their statutory rights and, as a result, have been denied the same types of wages and

20  benefits required by law.

21      36.      Common questions of law and fact exist as to the claims of the members of the

22  Class.  Such common questions predominate over the questions, if any, which affect only

23  individual members.  Such common questions include, but are not limited to:

24          a.   Whether Defendant has followed a policy of making unilateral and retroactive

25              deductions from the amounts of commissions and other wages earned by Financial

26              Advisors during their employment, including deductions for: (i) routine business

27              expenses incurred for phone calls, travel, business related entertainment, and other

28              necessary costs; (ii) payments to assistants employed by Morgan Stanley; (iii)

CLASS ACTION COMPLAINT

Van Vleck
Turner & Zaller, LLP

1         payment of the "deficit" accumulated as a result of failing to exceed the monthly

2         debit of approximately $2,600.

3     b.   Whether Defendant followed a consistent policy of failing to guarantee Financial

4         Advisors net compensation for each hour worked equal to the California minimum

5         wage, which is currently eight dollars per hour.

6     c.   Whether Defendant followed a consistent policy of failing to pay overtime earned

7         by Financial Advisors during time periods in which they failed to meet the objective

8         compensation thresholds necessary to qualify for any potential exemption to Labor

9         Code section 510.

10     d.   Whether Defendant has followed a consistent policy of failing to disclose to its

11         Financial Advisors during the hiring process that promised signing "bonuses" are

12         merely loans which must be repaid, with interest, from their future wages.

13     37.    A class action is superior to other available methods of adjudicating the claims

14 asserted in this action for reasons including, but not limited to:

15     a.   The expense and burden of individual litigation make it economically unfeasible for

16         each member of the Class to seek a separate, individual remedy;

17     a.   If separate lawsuits were brought individually by each member of the class it would

18         cause undue hardship and expense to the Court and litigants by necessitating

19         multiple trials of similar factual and legal issues;

20     b.   The prosecution of separate individual actions would create the risk of inconsistent

21         adjudications of similar factual and legal issues; and

22     c.   Absent a class action, there would be a failure of justice, as Morgan Stanley would

23         retain the benefit of their illegal conduct and wrongdoing.

24     38.    Defendant has acted or refused to act on grounds generally applicable to the Class,

25 thereby making appropriate final declaratory relief with respect to the Class as a whole and

26 necessitating that any other such relief be extended to the Class on a mandatory, class wide basis.

27     39.    Plaintiff is aware of no difficulty which will be encountered in the management of

28 this litigation which should preclude its maintenance as a class action.

CLASS ACTION COMPLAINT

EXHIBIT A

Van Vleck
Turner & Zaller, LLP

40.     The names and addresses of many, if not all, of the members of the Class are available from Defendants own records.  Notice can be provided to members of the Class via first class mail or otherwise using techniques and a form of notice similar to those customarily used in employment class actions under California law.

41.     In the alternative, or in addition to, a certified class action pursuant to Code of Civil Procedure section 382, Plaintiff is bringing a representative action on behalf of similarly situated employees pursuant to bring an action for recovery of penalties authorized by the California Private Attorney Generals Act, Labor Code section 2698 et seq. ("PAGA").  Plaintiff has exhausted, or is in the process of exhausting, all administrative prerequisites to maintaining such a representative action.  Plaintiff seeks to recover all penalties authorized by the PAGA and/or California Labor Code on behalf of the Class and the State of California.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY EARNED WAGES FREE AND CLEAR OF EMPLOYER DEDUCTIONS, CHARGES AND EXPENSES

### (By Named Plaintiffs and the Class against Defendants)

42.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

43.     California law, including Labor Code sections 221, 223, 300, 400–407, 450, and 2802, collectively require that all earned wages must be timely paid, and free and clear of any and all employer deductions, set offs, charges or expenses.  Nor may the employer use its quasi-fiduciary access to employee payroll as a fund for "self-help" debt collection.

44.     Notwithstanding these provisions, Morgan Stanley made de facto deductions from the earned compensation of Named Plaintiffs and the Class by requiring them to pay Morgan Stanley's business expenses out of their own personal funds, without reimbursement.  Such unreimbursed business expenses include such items as compensation for assistants, travel costs, promotion and marketing expenses, telecommunication charges, and other normal and necessary business expenses.

1    45.    In addition, Morgan Stanley deducted further amounts from the earned

2  compensation of Named Plaintiffs and the Class for interest and principal payments on promissory

3  notes, accumulated "deficit" payments which were accrued for failing to exceed monthly sales

4  commission thresholds, various fines and charges, and other amounts.

5    46.    As a result, Plaintiffs are entitled to restitution of all withheld amounts under the

6  California Unfair Competition Law ("UCL"), as well as all penalties and other remedies provided

7  under the Labor Code, including under Labor Code sections 203, 210, 225.5, 226(e), 226.3,

8  2699(a), and 2699(f).

9

10                    **SECOND CAUSE OF ACTION**

11          **FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED**

12              **(By Named Plaintiffs and the Class against Defendants)**

13    47.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation

14  contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

15    48.    California law requires the payment of a minimum hourly wage (currently $8.00)

16  for each hour worked by an employee.  Pursuant to Section 2(K) of Wage Orders 4-2001 and 7-

17  2001 such compensable "hours worked" are defined to include all "time during which an employee

18  is subject to the control of an employer, and includes all the time the employee is suffered or

19  permitted to work, whether or not required to do so."

20    49.    Notwithstanding these provisions, under Morgan Stanley's compensation policies

21  Named Plaintiffs and the Class routinely worked long periods of time for sub-minimum wages.

22  Indeed, as a result of Defendant's policy of requiring employees to pay its business expenses and

23  wage deductions, Class members frequently had negative earnings for weeks or months at a time.

24    50.    Pursuant to Labor Code section 1194(a), Plaintiffs are thus entitled to recover "the

25  unpaid balance of the full amount of this minimum wage . . . including interest thereon, reasonable

26  attorney fees, and costs of suit."  Plaintiffs are also entitled to restitution of all earned but unpaid

27  minimum wages under the California Unfair Competition Law ("UCL"), as well as liquidated

28  damages under Labor Code Section 1194.2(a).

Van Vleck
Turner & Zaller, LLP

11

CLASS ACTION COMPLAINT

EXHIBIT A

51.     Plaintiffs further seek all appropriate injunctive and declaratory relief as well as such penalties or other remedies as are authorized by law for the non-payment of all earned minimum wages during their employment, including under Labor Code sections 203, 210, 225.5, 226(e), 226.3, 2699(a), and 2699(f).

### THIRD CAUSE OF ACTION

### FAILURE TO PAY EARNED OVERTIME WAGES

#### (By Named Plaintiffs and the Class against Defendants)

52.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

53.     Pursuant to California Labor Code Section 510(a), "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

54.     During their employment by Defendants, Plaintiffs routinely worked overtime hours without receiving premium overtime compensation. Pursuant to Labor Code section 1194(a), Plaintiffs are thus entitled "the unpaid balance of the full amount of this . . . overtime compensation including interest thereon, reasonable attorney fees, and costs of suit." Plaintiffs are also entitled to restitution of all earned but unpaid overtime wages under the California Unfair Competition Law ("UCL").

55.     Plaintiffs further seek all appropriate injunctive and declaratory relief as well as such penalties or other remedies as are authorized by law for the non-payment of overtime wages during their employment, including under Labor Code sections 203, 210, 225.5, 226(e), 226.3, 2699(a), and 2699(f).

///

///

///

Van Vleck
Turner & Zaller, LLP

12                                    CLASS ACTION COMPLAINT

EXHIBIT A

## FOURTH CAUSE OF ACTION

### STATUTORY PENALTIES FOR UNTIMELY PAYMENT OF WAGES

#### (By Named Plaintiffs and the Class against all Defendants)

56.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

57.    At all relevant times, Labor Code section 200 has provided that commissions constitute a form of earned wages. Labor Code section 204 requires that such earned wages "are due and payable twice during each calendar month" and must be distributed at regular scheduled paydays. And Labor Code sections 201-203 require that all earned wages are dues and payable "immediately" upon termination of employment, except upon resignation with less than 72 hours notice, in which case all wages are due within 72 hours of resignation.

58.    Notwithstanding these provisions of law, Morgan Stanley's policy was to delay the payment of earned commission wages until well over 30 days or more after the wages had been earned. Even where an employee's employment had been terminated, Morgan Stanley did not accelerate the payment of such earned wages as required by law,

59.    As result, Morgan Stanley has consistently violated the provisions of Labor Code sections 200-204 as to Plaintiff and the Class, who are thereby entitled to seek recovery of all authorized penalties, including penalties under Labor Code sections 203, and Labor Code sections 2699(a) and 2699(f), as well as such other penalties or other legal and equitable remedies as are provided by law to redress Morgan Stanley's improper conduct.

## FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION AND RESTRAINT OF TRADE

#### (By Named Plaintiffs and the Class against all Defendants)

60.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

///

///

CLASS ACTION COMPLAINT

EXHIBIT A

1      61.    California law and public policy, including Business and Professions Code sections

2 16600, 16700 *et seq.*, and 17200 *et seq.* prohibit any business practices or agreements with the

3 purpose of restraining lawful trade.

4      62.    Notwithstanding these provisions, Morgan Stanley has deliberately implemented

5 unlawful, unfair, and fraudulent policies and practices for the express purpose of restraining the

6 lawful mobility of Class members within the labor market.  Morgan Stanley's so-called "golden

7 handcuff" policies did not reward employees with additional compensation for remaining

8 employed but rather used improper, misleading, and unconscionable means to penalized and

9 discouraged class members from exercising their lawful right to seek alternative employment with

10 competing entities.

11      63.    As previously alleged, these policies include the misrepresentation and non-

12 disclosure of material employment terms during the hiring and recruitment process, as well as the

13 subsequent imposition, under procedurally unconscionable and coercive circumstances, of policies

14 and agreements which purport to: (a) convert promised "bonuses" into debt obligations which

15 would be accelerated upon termination of employment; (b) expropriate the "goodwill" assets of

16 class members which were developed through pre-existing professional relationships with their

17 own clients; (c) restrain post-termination competition by class members and prohibit them from

18 making truthful statements to their clients for a period of one year; (d) delaying payment of post-

19 termination commissions for far longer than allowed by California law; and (e) subjecting earned

20 commission payments to unpredictable deductions and "self-help" debt collection remedies.

21      64.    By engaging in the conduct alleged herein, Morgan Stanley violated Business and

22 Professions Code sections 16600, 16700 *et seq.*, and 17200 *et seq.*  As a result, Named Plaintiffs

23 and the Class have been injured and are entitled to seek all available remedies provided by law,

24 including recovery of restitution, disgorgement of profits, treble damages, attorney fees, and

25 appropriate injunctive and declaratory relief.

26 ///

27 ///

28 ///

14    CLASS ACTION COMPLAINT

- 23 -

EXHIBIT A

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1.      For compensatory damages, in an amount according to proof;

2.      For all liquidated damages and statutory penalties authorized by law.

3.      For restitution of all wrongfully withheld amounts and disgorgement of all ill-gotten profits, in an amount according to proof;

4.      For a declaration that Defendant has engaged in unfair competition in violation of the California Unfair Competition Law, Business and Professions Code section 17200 *et seq.*

5.      For preliminary and permanent injunctive relief requiring Defendant to cease and desist from further unfair competition and violations of law and to make restitution to those injured by its prior course of illegal wrongful conduct.

6.      For prejudgment interest on all amounts owed;

7.      For attorney fees and costs pursuant to all applicable provisions of law.

8.      For such other and further relief the court deems just and proper.

Dated:  July 30, 2009            VAN VLECK TURNER & ZALLER, LLP
                                 Brian Van Vleck
                                 Anthony J. Zaller


                                 By: _____
                                        Brian F. Van Vleck
                                 Attorneys for Named Plaintiffs
                                 Jeremy J. Drake and Adam Scott

VAN VLECK
TURNER & ZALLER, LLP

15                                          CLASS ACTION COMPLAINT

**SUM-100**

## AMENDED **SUMMONS**
### (CITACION JUDICIAL) *Complaint*

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MORGAN STANLEY & COMPANY, INC.; MORGAN STANLEY DW, INC.; and
DOES 1 through 100 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEREMY J. DRAKE AND ADAM SCOTT, on behalf of themselves and others
similary situated

**ORIGINAL FILED**

AUG 0 4 2009

**LOS ANGELES
SUPERIOR COURT**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court, County of Los Angeles<br>Stanley Mosk Courthouse<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC418900 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brian F. Van Vleck (SBN 155250), Anthony J. Zaller (SBN 224844)    Tel: (213) 996-8445    Fax: (213) 996-8378
Van Vleck Turner & Zaller LLP
555 W. 5th Street, 31st Floor, Los Angeles, CA 90013

| DATE:<br>*(Fecha)* AUG 0 4 2009 | JOHN A. CLARKE, | Clerk, by<br>*(Secretario)* **PARK ENG** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Morgan Stanley & Company Inc. 
    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 08/05/09

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

**EXHIBIT A**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Brian F. Van Vleck (SBN 155250), Anthony J. Zaller (SBN 224844)<br>Van Vleck Turner & Zaller LLP<br>555 W. 5th Street, 31ˢᵗ Floor<br>Los Angeles, CA 90013<br>TELEPHONE NO: (213) 996-8445    FAX NO.: (213) 996-8378<br>ATTORNEY FOR (Name): Plaintiffs Jeremy J. Drake and Adam Scott | CONFORMED COPY<br>OF ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br>JUL 30 2009<br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>RUGENA LOPEZ |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles** | |
|---|---|
| STREET ADDRESS: 111 North Hill Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Los Angeles, CA 90012 | |
| BRANCH NAME: Central District - Stanley Mosk Courthouse | |

CASE NAME: Jeremy J. Drake, et al. v. Morgan Stanley & Company, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC418920 |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☒ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☒ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☒ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 30, 2009

Brian F. Van Vleck
_____
(TYPE OR PRINT NAME)    ▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT A

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36) Other
    Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A

| SHORT TITLE: Drake, et al. v. Morgan Stanley & Company, Inc., et al. | CASE NUMBER | BC418920 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☒ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10 ☐ HOURS/ ☒ DAYS.

Item II. Select the correct district and courthouse location (4 steps - if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| **Applicable Reasons for Choosing Courthouse Location (see Column C below)** |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 2. |
| | | ☐ A7221 | Asbestos- Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3. ,4., 8. |
| | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 | Intentional Infliction of Emotional Distress | 1.,2., 3. |
| | | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Business Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |

- 28 -

EXHIBIT A

CIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: Drake, et al. v. Morgan Stanley & Company, Inc., et al. | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017   Legal Malpractice | 1., 2., 3. |
| | ☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☒ A6024   Other Employment Complaint Case | ①, 2., ③. |
| | ☐ A6109   Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff | 2., 5., 6 |
| | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009   Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031   Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation          Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2, 6. |
| Other Real Property (26) | ☐ A6018   Mortgage Foreclosure | 2., 6. |
| | ☐ A6032   Quiet Title | 2., 6. |
| | ☐ A6060   Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer- Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

American LegalNet, Inc.
www.FormsWorkflow.com

LASC, rule 2.0
Page 2 of 4

- 29 -
EXHIBIT A

| SHORT TITLE: Drake, et al. v. Morgan Stanley & Company, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment | 2., 9. |
| | | ☐ A6160   Abstract of Judgment | 2., 6. |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2., 8. ,9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2.,8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment | 2., 3. ,9. |
| | | ☐ A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2., 3. ,9. |
| | | ☐ A6190   Election Contest | 2. |
| | | ☐ A6110   Petition for Change of Name | 2., 7. |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2., 3. ,4., 8. |
| | | ☐ A6100   Other Civil Petition | 2., 9. |

CIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0

American LegalNet, Inc.
www.FormsWorkflow.com   Page 3 of 4

- 30 -

EXHIBIT A

| SHORT TITLE: Drake, et al. v. Morgan Stanley & Company, Inc., et al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: 21515 Hawthorne Blvd. |
|---|---|
| ☒ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | |

| CITY: Torrance | STATE: CA | ZIP CODE: 90503 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: __July 30, 2009__

(SIGNATURE OF ATTORNEY/FILING PARTY)

Brian F. Van Vleck
Attorney for Plaintiffs
Jeremy J. Drake and Adam Scott

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet form CM-010.

4.  Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5.  Payment in full of the filing fee, unless fees have been waived.

6.  Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

CIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0

American LegalNet, Inc.
www.FormsWorkflow.com

Page 4 of 4

- 31 -
EXHIBIT A

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** BC418920
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. John P. Shook | 53 | 513 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Jane L. Johnson | 56 | 514 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. David L. Minning | 61 | 632 | |
| Hon. John A. Kronstadt | 30 | 400 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Edward A. Ferns | 69 | 621 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Carl J. West*** | **311** | **CCW** | |
| Pending Assignment | 40 | 414 | Other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | |

*Class Actions
All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005).
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the
outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the
Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk
                                                                         By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04-09)                    **NOTICE OF CASE ASSIGNMENT –**                    Page 1 of 2
LASC Approved 05-06                              **UNLIMITED CIVIL CASE**

- 32 -
EXHIBIT A

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
### [CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (05-09) - LASC Approved

EXHIBIT A

Page 1 of 2

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the **Random Select Mediation or Arbitration Panel**, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Select Panel** — The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel** — The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral** — The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

**For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.**

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

LAADR 005 (05-09) - LASC Approved

Page 2 of 2

EXHIBIT A

CC??Y

1  LYNNE C. HERMLE (State Bar No. 99779)
   lchermle@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
3  Menlo Park, CA  94025
   Telephone:    650-614-7400
4  Facsimile:    650-614-7401

5  TINA M. TRAN (State Bar No. 186529)
   ttran@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
7  Los Angeles, CA  90017
   Telephone:    213-629-2020
8  Facsimile:    213-612-2499

9  TRISH M. HIGGINS (State Bar No. 119215)
   thiggins@orrick.com
10 ERIN M. CONNELL (State Bar No. 223355)
   econnell@orrick.com
11 ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
12 Sacramento, CA  95814-4497
   Telephone:    916-447-9200
13 Facsimile:    916-329-4900

14 Attorneys for Defendant
   Morgan Stanley & Co. Incorporated

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                        COUNTY OF LOS ANGELES

17

18 JEREMY J. DRAKE and ADAM SCOTT, on      CASE NO. BC418920   D-17
   behalf of themselves and others similarly
19 situated,                               **ANSWER TO PLAINTIFFS' CLASS
                                           ACTION COMPLAINT**
20              Plaintiffs,

21       v.

22 MORGAN STANLEY & COMPANY, INC.,
   MORGAN STANLEY DW, INC., and DOES
23 1 through 100 inclusive,

24              Defendants.

25

26

27

28

OHS West:260711210.1

ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

- 36 -

EXHIBIT B

---

**CONFORMED COPY**
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 0 3 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
     RUGENA LOPEZ

1        Defendant Morgan Stanley & Co. Incorporated (sued erroneously herein as Morgan

2    Stanley & Company, Inc.; Morgan Stanley DW, Inc.) ("Morgan Stanley" or "Defendant") hereby

3    answers the Class Action Complaint ("Complaint") filed by Plaintiffs Jeremy J. Drake ("Drake")

4    and Adam Scott ("Scott") (collectively, "Plaintiffs") as follows:

5                             **GENERAL DENIAL**

6        Pursuant to California Code of Civil Procedure § 431.30(d), Morgan Stanley generally

7    denies each and every material allegation of the Complaint and further denies that Plaintiffs have

8    been damaged in the manner or amount alleged, or in any manner or amount.

9                       **AFFIRMATIVE DEFENSES**

10      Morgan Stanley asserts the following affirmative defenses to the Complaint and its

11   purported causes of action:

12                     **FIRST DEFENSE**

13              **(Failure to State a Claim)**

14      1.    As a separate defense to the Complaint, Morgan Stanley alleges that the Complaint

15   fails to state a claim upon which relief may be granted.

16                  **SECOND DEFENSE**

17                **(Laches)**

18      2.    As a separate defense to the Complaint, Morgan Stanley alleges that some or all of

19   the claims asserted in the Complaint are barred by the equitable doctrine of laches.

20                   **THIRD DEFENSE**

21                 **(Waiver)**

22      3.    As a separate defense to the Complaint, Morgan Stanley alleges that some or all of

23   the claims asserted by Plaintiffs and/or the members of the proposed class are barred by the

24   equitable doctrine of waiver.

25   / / / /

26   / / / /

27   / / / /

28   / / / /

OHS West:260711210.1

- 37 -

**EXHIBIT B**

## FOURTH DEFENSE

### (Estoppel)

4.      As a separate defense to the Complaint, Morgan Stanley alleges that some or all of the claims asserted by Plaintiffs and/or the members of the proposed class are barred by the equitable doctrine of estoppel.

## FIFTH DEFENSE

### (Unclean Hands)

5.      As a separate defense to the Complaint, Morgan Stanley alleges that some or all of the claims asserted claims asserted by Plaintiffs and/or the members of the proposed class are barred by the equitable doctrine of unclean hands.

## SIXTH DEFENSE

### (Statute of Limitations)

6.      As a separate defense to the Complaint, Morgan Stanley alleges that the claims asserted by Plaintiffs and/or the members of the proposed class are barred by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 338 and 340 and California Business and Professions Code section 17208.

## SEVENTH DEFENSE

### (Failure To Mitigate)

7.      As a separate defense to the Complaint, Morgan Stanley alleges that Plaintiffs and/or members of the proposed class have failed to mitigate their damages, if any.  Alternatively, Morgan Stanley alleges that any recovery by Plaintiffs should be reduced by those damages Plaintiffs and/or members of the proposed class failed to mitigate.

## EIGHTH DEFENSE

### (Requirements for Class, Group or Collective Action)

8.      As a separate defense to the Complaint and each cause of action therein, Morgan Stanley alleges that Plaintiffs and the proposed class cannot satisfy the requirements for a class, group, collective or representative action under applicable law.

/ / / /

- 38 -

OHS West:260711210.1

- 2 -      EXHIBIT B

1

### NINTH DEFENSE

2

**(Lack of Standing)**

3      9.      As a separate defense to the Complaint and each cause of action therein, Morgan

4    Stanley alleges that the claims are barred to the extent that Plaintiffs lacks standing to raise some

5    or all of the claims of the alleged class of persons whom Plaintiffs purport to represent.

6

### TENTH DEFENSE

7

**(Exemption)**

8      10.      As a separate defense to the Complaint, Morgan Stanley alleges that some or all of

9    the claims in the Complaint are barred because Plaintiffs and the members of the proposed class

10    are properly classified as exempt from applicable overtime and wage and hour laws.

11

### ELEVENTH DEFENSE

12

**(Compromise, Settlement, Waiver, Accord, Satisfaction, Set-Off, Release)**

13      11.      As a separate defense to the Complaint, Morgan Stanley alleges that Plaintiffs

14    and/or members of the proposed class are precluded from recovering any amounts from Morgan

15    Stanley because Morgan Stanley has paid Plaintiffs and/or members of the proposed class all

16    sums legally due under California law, as applicable, and/or Plaintiffs and/or members of the

17    proposed class have compromised and/or released some or all of claims asserted in this lawsuit

18    and, accordingly, such claims are barred by the doctrines of compromise, settlement, waiver,

19    accord, satisfaction, set off, and/or release.

20

### TWELFTH DEFENSE

21

**(Failure To Perform Duties)**

22      12.      As a separate defense to the Complaint, Morgan Stanley alleges that the

23    Complaint, and each purported cause of action contained therein, is barred to the extent that

24    Plaintiffs, and/or the members of the proposed class failed to perform their respective duties,

25    failed to perform those duties which Morgan Stanley realistically expected each to perform, failed

26    to use ordinary care and diligence in the performance of their duties, failed to substantially

27    comply with the reasonable directions of their alleged employer, failed to exercise a reasonable

28    / / / /

- 39 -

**EXHIBIT B**

1  degree of skill in performing their job duties and/or have failed to comply with California Labor
2  Code sections 2854, 2856, 2858 and 2859, respectively.

### THIRTEENTH DEFENSE

#### (Good Faith)

5      13.    As a separate defense to the Complaint and each cause of action therein, Morgan
6  Stanley alleges that any act(s) and/or omissions(s) which may be found to be in violation of the
7  rights afforded by California law were not willful but occurred in good faith with reasonable
8  grounds for believing that it was in full compliance with applicable law.

### FOURTEENTH DEFENSE

#### (Failure to State a Claim Re Damages, Costs, Fees, Injunctive or Equitable Relief)

11     14.    As a separate defense to the Complaint, Morgan Stanley alleges that the Complaint
12  fails to state a claim for which relief may be granted that provides for compensatory,
13  consequential or liquidated damages, or any other damages, costs, fees, injunctive or other
14  equitable relief, allowed by applicable law.

### FIFTEENTH DEFENSE

#### (Offset)

17     15.    As a separate defense to the Complaint and to each claim therein, Morgan Stanley
18  alleges that if any damages have been sustained by Plaintiffs and/or by any member of the
19  proposed class although such is not admitted and is specifically denied, Morgan Stanley is
20  entitled by equity to offset all time Morgan Stanley voluntarily paid for not worked by Plaintiffs
21  and/or members of the proposed class against any judgment that may be entered against Morgan
22  Stanley.

### SIXTEENTH DEFENSE

#### (Unconstitutional)

25     16.    As a separate defense to the Complaint, Morgan Stanley alleges that California
26  Business and Professions Code Section 17200 is unconstitutionally vague as applied here in
27  violation of Morgan Stanley's rights of due process and equal protection under the United States
28  Constitution and the California Constitution.

- 40 -

EXHIBIT B

**SEVENTEENTH DEFENSE**

**(Seventh Amendment)**

17.     As a separate defense to the Complaint, Morgan Stanley alleges that because liability may not be determined by a single jury on a class wide basis, allowing this action to proceed as a class action would violate Morgan Stanley's rights under the Seventh Amendment.

**EIGHTEENTH DEFENSE**

**(Res Judicata and/or Collateral Estoppel)**

18.     As a separate defense to the Complaint, Morgan Stanley alleges that claims asserted by Plaintiffs and/or the members of the proposed class are barred by the doctrine of res judicata and/or collateral estoppel.

**NINETEENTH DEFENSE**

**(Adequate Remedy)**

19.     As a separate defense to the Complaint, Morgan Stanley alleges that the claims for equitable and/or declaratory relief asserted by Plaintiffs and/or the members of the proposed class are barred because Plaintiff and/or the alleged class have an adequate remedy at law for their claims.

**TWENTIETH DEFENSE**

**(No Competent Plaintiff)**

20.     As a separate defense to the Complaint, Morgan Stanley alleges that Plaintiffs are not appropriate class or group representatives.

**TWENTY-FIRST DEFENSE**

**(Negligence, Comparative Fault)**

21.     As a separate defense to the Complaint, to the extent any damages were sustained by Plaintiff and/or any members of the proposed class, which is expressly denied, Morgan Stanley alleges that such damages were proximately, wholly or in part caused by Plaintiffs' and/or the member(s) of the proposed class's own negligence, comparative fault, actions, inactions, or delay in acting.

/ / / /

## TWENTY-SECOND DEFENSE

### (Consent, Ratification)

22.     As a separate defense to the Complaint, Morgan Stanley alleges that Plaintiffs and/or members of the proposed class consented to and/or ratified some or all of the actions now complained of.

## TWENTY-THIRD DEFENSE

### (Cause of Alleged Injury)

23.     As a separate defense to the Complaint, Morgan Stanley alleges that no conduct or omission by Morgan Stanley was the cause in fact or proximate cause of any injury allegedly suffered by Plaintiffs and/or any members of the proposed class.

## TWENTY-FOURTH DEFENSE

### (Dispute Over Wages)

24.     As a separate defense to the Complaint, Morgan Stanley alleges that the claims of Plaintiffs and/or the members of the proposed class are subject to good faith disputes over wages.

## TWENTY-FIFTH DEFENSE

### (Misconduct)

25.     As a separate defense to the Complaint, Morgan Stanley alleges that Plaintiffs and/or the members of the proposed class engaged in willful misconduct which precludes maintenance of this action and was a proximate cause of the claimed damages, if any damages were sustained.

## TWENTY-SIXTH DEFENSE

### (Unjust Enrichment)

26.     As a separate defense to the Complaint, Morgan Stanley alleges that the claims of Plaintiffs and/or the members of the proposed class are barred because any recovery from Morgan Stanley would result in unjust enrichment.

/ / / /

/ / / /

/ / / /

- 42 -

EXHIBIT B

1

## **TWENTY-SEVENTH DEFENSE**

2

### **(After Acquired Evidence)**

3       27.     As a separate defense to the Complaint, Morgan Stanley alleges that the claims of

4    Plaintiffs and/or the members of the proposed class may be barred and/or limited by subsequently

5    discovered evidence of misconduct by Plaintiffs or members of the proposed class which would

6    have resulted in the termination of their employment.

7

## **TWENTY-EIGHTH DEFENSE**

8

### **(Failure To Exhaust Administrative Prerequisites)**

9       28.     As a separate defense to the Complaint, Morgan Stanley alleges that the claims for

10   civil penalties by Plaintiffs and/or the members of the proposed class are barred because Plaintiffs

11   failed to give timely notice of the alleged statutory violations to the California Labor and

12   Workforce Development Agency and to Defendants, as required by California Labor Code

13   section 2699 and California Civil Procedure Code Section 340(a).

14

## **RESERVATION OF RIGHTS**

15       Morgan Stanley reserves herein the right to assert additional affirmative defenses that may

16   appear and prove applicable during the course of this litigation.

17

## **PRAYER**

18       WHEREFORE, Morgan Stanley prays for the following relief:

19       1.     That the Complaint be dismissed with prejudice and that Plaintiffs and the

20   proposed class take nothing thereby;

21       2.     That the purported class not be certified;

22       3.     That judgment be entered in favor of Morgan Stanley on all claims and against

23   Plaintiffs;

24   / / / /

25   / / / /

26   / / / /

27   / / / /

28   / / / /

- 43 -

**EXHIBIT B**

ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

1    4.    That Morgan Stanley be awarded its attorneys' fees under applicable law, and its

2    costs of suit; and

3    5.    For such other and further relief as this Court may deem proper.

4    Dated: September 3, 2009.                    LYNNE C. HERMLE
                                                  TINA M. TRAN
5                                                 TRISH M. HIGGINS
                                                  ERIN M. CONNELL
6                                                 ORRICK, HERRINGTON & SUTCLIFFE LLP

7

8                                                 By: _____
                                                              Trish Higgins
9                                                        Attorneys for Defendant
                                                  Morgan Stanley & Co. Incorporated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                        - 44 -
                                                                    EXHIBIT B

ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

1

**PROOF OF SERVICE BY MAIL**

2          I am more than eighteen years old and not a party to this action.  My business address is

3    Orrick, Herrington & Sutcliffe LLP, 400 Capitol Mall, Suite 3000, Sacramento, California 95814.

4    On September 3, 2009, I served the following document(s):

5          **ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**

6    on the interested parties in this action by placing a true and correct copy thereof in sealed

7    envelope(s) addressed as follows:

8    Brian F. Van Vleck                          Attorneys for Plaintiffs
     Anthony J. Zaller                           Jeremy J. Drake and Adam Scott
9    Van Vleck Turner & Zaller LLP
     555 West Fifth Street, 31st Floor
10   Los Angeles, CA  90013

11         I am employed in the county from which the mailing occurred.  On the date indicated

12   above, I placed the sealed envelope(s) for collection and mailing at this firm's office business

13   address indicated above.  I am readily familiar with this firm's practice for the collection and

14   processing of correspondence for mailing with the United States Postal Service.  Under that

15   practice, the firm's correspondence would be deposited with the United States Postal Service on

16   this same date with postage thereon fully prepaid in the ordinary course of business.

17         I declare under penalty of perjury that the foregoing is true and correct.

18         Executed on September 3, 2009, at Sacramento, California.

19

20                                                    _____

21                                                              Jeanette Ponce

22

23

24

25

26

27

28
     **EXHIBIT B**

OHS West:260711210.1

ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT