FILED COPY

2009 SEP -4 PM 1:51

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

LYNNE C. HERMLE (State Bar No. 99779)
lchermle@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

TINA M. TRAN (State Bar No. 186529)
ttran@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

TRISH M. HIGGINS (State Bar No. 119215)
thiggins@orrick.com
ERIN M. CONNELL (State Bar No. 223355)
econnell@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: 916-447-9200
Facsimile: 916-329-4900

Attorneys for Defendant
Morgan Stanley & Co. Incorporated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY J. DRAKE and ADAM SCOTT, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & COMPANY, INC., MORGAN STANLEY DW, INC., and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. CV09-6467MRP (RCx)<br><br>DECLARATION OF NIKI DEMAKIS SAKARELLOS IN SUPPORT OF NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1453 |

I, Niki Demakis Sakarellos, hereby declare:

1. I am an Executive Director, for defendant Morgan Stanley & Co. Incorporated ("Morgan Stanley"). I make this declaration in support of Morgan Stanley's Notice of Removal. The facts set forth in this declaration I know to be true of my own personal knowledge, except where such facts are stated to be based on information and belief, and those facts I believe to be true. If called as a witness I could and would testify competently to the matters set forth in this declaration.

2. Based on my tenure with Morgan Stanley and job duties, I am familiar with the manner in which Morgan Stanley records the employment history and compensation information for its California employees, including Financial Advisors. This information is recorded in electronic databases which Morgan Stanley maintains and relies upon in the normal course of its business and to which entries of information are made at or about the time of the underlying events.

3. In connection with this Notice of Removal, I have reviewed information derived from Morgan Stanley's electronic databases which contain information concerning employees who were or are employed by Morgan Stanley in California as Financial Advisors from July 30, 2005 to July 30, 2009. This information includes the specific dates during which each employee was employed as a Financial Advisor in California and dates of termination. From this information, and using the lowest California minimum wage in effect during the class period as the "regular rate," I am able to provide a computation of the monetary value of the claims alleged in this case.

4. In the period July 30, 2005 to July 30, 2009, over 4,000 individuals were employed by Morgan Stanley in California in the position of Financial Advisor.

5. The information from Morgan Stanley's databases shows the number of weeks that each putative class member was employed in a class position (*i.e.*, Financial Advisor position) since July 30, 2005. If each putative class member

Financial Advisor position) since July 30, 2005. If each putative class member incurred unpaid expenses (or de facto deductions) in the amount of $10 per week for each week that a putative class member was employed in a class position over the four-year period, the amount of unpaid expenses at issue (exclusive of interest) totals approximately $5,805,436.

6. If each putative class member was entitled to one week (i.e. 40 hours) of unpaid minimum wages for each year (or portion thereof) that a putative class member was employed in a class position over the four-year period, the amount of the unpaid balance of the minimum wages at issue (exclusive of interest) totals approximately $3,850,470.

7. For each putative class member, if overtime at one hour per week is calculated by multiplying the number of weeks the putative class member was employed in a class position by the rate of one-and-a-half times their "regular rate" (as defined in paragraph 5), the total value of overtime wages (exclusive of interest) for the putative class members is approximately $5,878,004.

8. For each putative class member who no longer works for Morgan Stanley, "waiting time penalties" is calculated based on 30 days of full-time work at the "regular rate" (as defined in paragraph 5). So calculated, the total value of "waiting time penalties" (exclusive of interest) is approximately $2,619,540.

Executed this 4th day of September, 2009, in the City of New York, State of New York.

I declare under penalty of perjury under the laws of these United States that the foregoing is true and correct.

_____
Niki Demakis Sakarellos