LYNNE C. HERMLE (State Bar No. 99779)
lchermle@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  650-614-7400
Facsimile:   650-614-7401

TINA M. TRAN (State Bar No. 186529)
ttran@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  213-629-2020
Facsimile:   213-612-2499

TRISH M. HIGGINS (State Bar No. 119215)
thiggins@orrick.com
ERIN M. CONNELL (State Bar No. 223355)
econnell@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA  95814-4497
Telephone:  916-447-9200
Facsimile:   916-329-4900

Attorneys for Defendant Morgan Stanley & Co.
Incorporated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY J. DRAKE and ADAM SCOTT, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & COMPANY, INC., MORGAN STANLEY DW, INC., and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. CV 09-6467 ODW (RCx)<br><br>**JOINT 26(f) REPORT** |

1    The parties to this action, Plaintiffs Jeremy Drake and Adam Scott, by and

2    through their attorneys of record, and Defendant Morgan Stanley & Co.

3    Incorporated ("Morgan Stanley"), by and through its attorneys of record, have met

4    and conferred as required by Federal Rules of Civil Procedure Rule 26(f), and

5    based thereon, jointly submit this report.

6    **I.    JURISDICTION AND SERVICE**

7    Defendant contends this Court has jurisdiction over this case under the Class

8    Action Fairness Act of 2005 ("CAFA").  Specifically, because diversity of

9    citizenship exists – the Plaintiffs being citizens of the State of California and

10   Morgan Stanley being a citizen of the States of Delaware and New York, because

11   the proposed class size exceeds 100 members, and because the amount in

12   controversy exceeds five million dollars, Defendant contends this Court has

13   original jurisdiction of the action pursuant to 28 U.S.C. section 1332(d)(2).

14   No issues exist regarding personal jurisdiction or venue, and all parties have

15   been served.

16   **II.   FACTS**

17   Plaintiffs Jeremy Drake and Adam Scott were hired by Morgan Stanley as

18   Financial Advisors in approximately January 2007 to work in Morgan Stanley's

19   Torrance, California, office.  Jeremy Drake voluntarily resigned from Morgan

20   Stanley in March 2009; Adam Scott is still employed with Morgan Stanley.

21   Plaintiffs bring this case as a putative class action and seek to represent a class of

22   "all Morgan Stanley employees who were employed in the position of Financial

23   Advisor in California during the applicable statute of limitations and who were

24   subjected to the illegal conduct alleged herein."  Complaint ¶ 31.

25   Plaintiffs claim that Morgan Stanley improperly deducted Financial

26   Advisors' wages for promissory note payments owed to Morgan Stanley.  Plaintiffs

27   also claim they were not reimbursed for business expenses.  Plaintiffs further claim

28   that their duties and compensation basis do not meet the test of any applicable

OHS West:260749452.1                                                    JOINT 26(f) REPORT

1   overtime exemption.  As a result, Plaintiffs claim they are entitled to premium

2   overtime compensation as required by law.  Plaintiffs further claim that they and

3   other Financial Advisors are entitled to waiting time penalties under California

4   Labor Code Section 203 for the alleged untimely payment of commissions during

5   employment and upon termination and penalties under Labor Code §§, 226(e) and

6   2698 et seq. for the failure to issue accurate itemized wage statements.  Plaintiffs

7   also claim that Morgan Stanley violated California's unfair competition law by

8   allegedly not disclosing material employment terms during the hiring and

9   recruitment process.  Plaintiffs seek relief in the form of compensatory damages,

10  restitution, penalties, prejudgment interest, declaratory relief, injunctive relief, and

11  attorneys' fees and costs.

12       Morgan Stanley denies the alleged unlawful conduct with respect to Plaintiffs

13  and other Financial Advisors.  Morgan Stanley also denies that Plaintiffs are

14  entitled to any damages, and seeks its attorneys' fees and costs.

15  **III.   LEGAL ISSUES**

16       The first primary legal issue in this case is whether it is appropriate to bring

17  the case as a class action under Federal Rule of Civil Procedure 23.  The other legal

18  issues are: whether Morgan Stanley improperly deducted Financial Advisors'

19  wages for promissory note payments; whether Plaintiffs were properly reimbursed

20  for business expenses; whether Plaintiffs were paid minimum wage; whether

21  Plaintiffs satisfied the salary requirements of any overtime exemption; whether

22  Plaintiffs were timely paid commissions during employment and upon termination;

23  and whether Morgan Stanley violated California's unfair competition law.

24  **IV.   EVIDENCE PRESERVATION**

25       Plaintiffs and Morgan Stanley have taken and continue to take steps to

26  preserve evidence relevant to the issues reasonably evident in this action.

27  / / / /

28  / / / /

## V.   **DISCLOSURES**

Plaintiffs served their initial disclosures on October 14, 2009.  The parties have agreed that Defendant shall serve its initial disclosures on or before November 2, 2009.

## VI.   **DISCOVERY**

To date, no additional discovery has been taken.  Defendant has agreed to make disclosures prior to a private mediation, which is scheduled to take place on January 8, 2010.  As a result, Plaintiffs have agreed to participate in informal discovery prior to the mediation.  But should the mediation not succeed, Plaintiffs will need Defendant's formal discovery response promptly in order to analyze the responses and prepare their Motion for Class Certification.  To facilitate this process, the parties propose that the deadline for the Plaintiffs to file for class certification be March 15, 2010.

Morgan Stanley proposes limiting discovery to class certification issues prior to the hearing on Plaintiff's motion for class certification.  Merits-based discovery shall commence if and when a class is certified.  Morgan Stanley proposes abiding by the presumptive limits on discovery contained in the Federal Rules of Civil Procedure, except that Morgan Stanley anticipates that the depositions of the named plaintiffs will exceed the one-day limit.  Plaintiffs likewise anticipate that Person Most Knowledgeable deposition of Morgan Stanley will require multiple witnesses and exceed the one-day limit.

## VII.   **MOTIONS**

To date, the parties have not brought any motions in this case.  The parties currently anticipate that Plaintiffs will bring a motion for class certification, and Morgan Stanley will bring a motion for summary judgment.  The parties also may bring discovery motions.

/ / / /

/ / / /

- 4 -

VIII. **SCHEDULING**

The Court has previously ordered that Plaintiff's motion for class certification is due February 15, 2010.  As set forth above, in light of the mediation scheduled for January 8, 2010, and to conserve time and resources in discovery and class certification preparation that may otherwise be unnecessary, the parties propose that the deadline for Plaintiffs to move for class certification be extended to March 15, 2010.  The parties propose that Morgan Stanley's opposition to class certification should be due within 5 weeks of filing of Plaintiff's motion, and Plaintiffs' reply should be due within 3 weeks of filing the opposition.

The parties believe that it would be premature to set further scheduling dates at this time and propose that the matter be set for another case management conference on a date following the hearing on Plaintiff's motion for class certification.

IX. **TRIAL**

The parties anticipate the trial will last 5 days if class certification is not granted, and 10-30 days if class certification is granted.  Should the case proceed to trial, Morgan Stanley proposes bifurcating liability and damages.

X. **EXPEDITED SCHEDULE**

The parties do not believe it is the type of case that can be handled on an expedited basis with streamlined procedures.

XI. **ADDITIONAL PARTIES**

The parties do not anticipate the appearance of additional parties.

XII. **SETTLEMENT AND ADR**

The parties have scheduled a private mediation for January 8, 2010.

XIII. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to a Magistrate Judge for all purposes.

/ / / /

/ / / /

## XIV.  OTHER REFERENCES

The parties do not believe the case is suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Morgan Stanley has filed its Certification of Interested Entities or Persons. As stated in the Certification, Morgan Stanley certifies that Morgan Stanley and Plaintiffs Adam Scott and Jeremy Drake presently have a direct, pecuniary interest in the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification or recusal.

## XVI.  OTHER MATTERS

At present, the parties are not aware of any other matters that need to be brought to the Court's attention.

Dated:  October 22, 2009.

LYNNE C. HERMLE
TINA M. TRAN
TRISH M. HIGGINS
ERIN M. CONNELL
ORRICK, HERRINGTON & SUTCLIFFE LLP


/s/ Trish Higgins
_____
Trish M. Higgins
Attorneys for Defendant
Morgan Stanley & Co. Incorporated

Dated:  October 22, 2009.

VAN VLECK TURNER & ZALLER LLP


/s/ Anthony Zaller
_____
Anthony J. Zaller
Attorneys for Plaintiffs
Jeremy J. Drake And Adam Scott