1   LYNNE C. HERMLE (STATE BAR NO. 99779)
    lchermle@orrick.com
2   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
3   Menlo Park, CA  94025
    Telephone:  650-614-7400
4   Facsimile:   650-614-7401

5   TINA M. TRAN (STATE BAR NO. 186529)
    ttran@orrick.com
6   ORRICK, HERRINGTON & SUTCLIFFE LLP
    777 South Figueroa Street, Suite 3200
7   Los Angeles, CA  90017
    Telephone:  213-629-2020
8   Facsimile:   213-612-2499

9   TRISH M. HIGGINS (STATE BAR NO. 119215)
    thiggins@orrick.com
10  ORRICK, HERRINGTON & SUTCLIFFE LLP
    400 Capitol Mall, Suite 3000
11  Sacramento, CA  95814-4497
    Telephone:  916-447-9200
12  Facsimile:   916-329-4900

13  Attorneys for Defendant
    Morgan Stanley & Co. Incorporated
14

15              UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| 18  JEREMY J. DRAKE and ADAM SCOTT, on behalf of themselves and others similarly situated, | Case No. CV 09-6467 ODW (RCx) |
| 19 | **STIPULATION RE USE OF PRIVATE AND CONFIDENTIAL INFORMATION** |
| 20              Plaintiffs, | |
| 21              v. | |
| 22  MORGAN STANLEY & COMPANY, INC., MORGAN STANLEY DW, INC. and DOES 1 through 100 inclusive, | |
| 23 | |
| 24              Defendants. | |

25

26

27

28

1   Plaintiffs Jeremy J. Drake and Adam Scott and Defendant Morgan

2   Stanley & Co. Incorporated (collectively "Stipulating Parties"), through their

3   respective counsel of record, stipulate as follows:

4   1.   The preparation and trial of this action may require the

5   discovery or disclosure of documents, information or other material, including but

6   not limited to documents, depositions, and interrogatory responses or other papers

7   ("Discovery Material") claimed by one or more of the parties to this action or

8   others to be confidential.

9   2.   In order to expedite the flow of information, facilitate the

10  prompt resolution of disputes over confidentiality, adequately protect material

11  entitled to be kept confidential, and serve the ends of justice, a protective order for

12  such information is prudent and necessary.

13  3.   Any Stipulating Party may designate any Discovery Material as

14  "Confidential" or "Highly Confidential" as those terms are defined in Paragraphs 4

15  and 5 below, that a Stipulating Party has kept secret or confidential and which, if

16  disclosed, could place a Stipulating Party at a competitive disadvantage in the

17  marketplace or cause disclosure of information protected by the right to privacy.

18  Discovery Material shall be designated confidential by stamping the word

19  "Confidential" or "Highly Confidential," as appropriate, on each page of the

20  document containing the information or by a Stipulating Party advising the other

21  Stipulating Party in writing that such documents are deemed to be "Confidential" or

22  "Highly Confidential."  Any such designation shall subject the documents or

23  information, its contents, and any portion thereof, to this Protective Order without

24  any further act on the part of the designating party.

25  4.   "Confidential Information" includes documents or other

26  information constituting trade secrets, proprietary or other confidential commercial

27  information that belongs to Morgan Stanley & Co. Incorporated ("Morgan

28  Stanley") and which if disclosed could place Morgan Stanley at a competitive

1   disadvantage in the marketplace or cause disclosure of information protected by the

2   right to privacy, including the following specific categories of documents:

3           (a)     documents that reveal confidential employee information

4   such as name, address, telephone number, salary, commission or asset information,

5   or demographic or other personal information;

6           (b)     documents that reveal financial or personal information

7   regarding Morgan Stanley's clients;  and

8           (c)     documents that reveal confidential financial or

9   commercial information regarding Morgan Stanley's business that is not available

10  to the public or Morgan Stanley's competitors and which if disclosed could place

11  Morgan Stanley at a competitive disadvantage in the marketplace or cause

12  disclosure of information protected by the right to privacy.  "Confidential

13  Information" also includes documents or information protected by the right to

14  privacy relating to Jeremy Drake, Adam Scott, or past and present employees of

15  Morgan Stanley, including private personnel or medical information.

16          5.      "Highly Confidential" information includes any Confidential

17  Information which contains information of the most sensitive nature that must not

18  only be protected from disclosure to non-parties, but also from disclosure to the

19  parties themselves.

20          6.      Neither the provisions of this Stipulated Protective Order, nor

21  any designation or failure to designate any particular Discovery Material by a party

22  as Confidential or Highly Confidential Information shall, in this litigation or any

23  other litigation, constitute a waiver of the rights of a party to assert confidentiality

24  with respect to any document, material or information meeting the definition of

25  Confidential or Highly Confidential Information in Paragraphs 4 or 5 above.  Upon

26  discovery of an inadvertent or otherwise non-designation, the discovering party will

27  immediately notify the opposing party and the Discovery Material will be

28  henceforth treated as if it had been originally designated as Confidential or Highly

Confidential Information, as appropriate, and will be subject to the terms of this Stipulated Protective Order.

7.     Should any Stipulating Party object to the Confidential or Highly Confidential treatment of any information designated Confidential or Highly Confidential under the terms hereof, such Stipulating Party shall, after meeting and conferring in good faith with the designating party, move the Court for an order releasing the material from the designation as Confidential or Highly Confidential.

8.     All Confidential Information provided by the parties pursuant to discovery or otherwise obtained in the course of this litigation shall be treated as confidential and shall not be disseminated to any person not directly connected with this specific litigation.  Specifically, all Confidential Information listed in Paragraph 4 that is obtained through discovery or otherwise from the parties in this case shall not be disclosed to anyone other than:

(a)     retained and corporate attorneys for any Stipulating Party who are engaged in litigating this action and the employees of such attorneys;

(b)     persons not employees of any Stipulating Party who serve as experts or consultants ("outside experts") to assist such Stipulating Party's counsel in the preparation of this action for trial, including, but not limited to auditors, accountants, statisticians, economists, medical and mental health experts, attorneys and other experts, and the employees of such persons;

(c)     a Stipulating Party, or principals, officers, employees, agents or representatives of any Stipulating Party, whose assistance or consultation is required by counsel in connection with the prosecution or defense of this action;

(d)     potential witnesses in connection with this litigation;

(e)     any mediator hired by the parties to assist in resolving this case.

STIPULATION RE USE OF PRIVATE AND
CONFIDENTIAL INFORMATION
(CV 09-6467 ODW (RCx))

9.     All Highly Confidential Information provided by the parties pursuant to discovery or otherwise obtained in the course of litigation shall be treated as highly confidential.  Specifically, all Highly Confidential Information listed in Paragraph 5 that is obtained through discovery or otherwise from the parties in this case shall not be disclosed or made available without written consent from the designating party or owner of the "Highly Confidential" material and may be made ONLY to the following persons:

(a)     Counsel of record in this Action, including employees of such law firms; other outside counsel associated with Counsel of record in the representation of a Party in this Action and in-house counsel and legal assistants employed by a party to this Action and providing services in connection with this Action provided that all such persons shall be bound by the provisions of this Protective Order; and

(b)     independent experts or consultants of the receiving party to whom disclosure is reasonably necessary for this litigation.  An expert shall be considered an independent expert or consultant only if he or she is not currently employed by or consulting with any competitor of the party producing the Highly Confidential Information.  Defendant's competitors for purposes of this provision are defined as any current employee or principal of any large or mid-sized national or international brokerage firm.

10.     No person shall make any disclosure of Confidential Information to any person falling within categories (b), (c) or (d) in Paragraph 8 without first obtaining from any such person a signed statement in the form attached hereto as Exhibit "A."  No person shall make any disclosure of Highly Confidential Information to any person falling within category (b) in Paragraph 9 without first obtaining from any such person a signed statement in the form attached hereto as Exhibit "A."  Either party may request of the other a copy (if any) of said signed statement(s) to counsel.  The other party must promptly comply

STIPULATION RE USE OF PRIVATE AND
CONFIDENTIAL INFORMATION
(CV 09-6467 ODW (RCX))

with such a request by providing copies of the signed statement(s) by telecopier or other appropriate means, and in no event beyond five (5) court days of such a request. If a party objects to the disclosure of information to a particular person, the Stipulating Party objecting to such disclosure shall have five (5) court days to seek a protective order from the Court barring such disclosure and no such disclosure shall be made until further order of the Court.

11.    No disclosure of Confidential or Highly Confidential Information shall be made except in accordance with this Stipulation and Protective Order, and no use shall be made of any Confidential or Highly Confidential Information except in accordance with this Stipulation and Protective Order.

12.    This order shall in no way impair the right of any party to raise or assert a defense or objection, including but not limited to defenses or objections to the production of documents or information and to the use, relevancy or admissibility at the trial of this litigation of any evidence, based on privacy, trade secret, confidentiality, attorney-client privilege, attorney work product, relevancy or any other grounds (when the parties deem such an objection to be necessary or appropriate) whether or not comprised of documents or information are governed by this order.

13.    Absent consent by the designating party or owner of the Confidential or Highly Confidential Information, in the event that counsel for any party determines to file with the Court any pleading, motions, brief or other papers which contain or make reference to Confidential or Highly Confidential Information, such papers shall not be filed in the public records, but shall be lodged with the Court under seal in sealed envelopes or other appropriate sealed containers, until such time as any other affected party, non-party, designating party, or owner of the Confidential or Highly Confidential Information files a Motion to Seal the documents in accordance with Paragraph 14 below. On the outside of the envelopes, a copy of the first page of the document shall be attached. If

Confidential or Highly Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "Confidential" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> "This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties."

14.     A party that files with the Court, or seeks to use at trial or any hearing in this matter, materials designated as Confidential or Highly Confidential Information by anyone other than itself, and who does not seek to have the record containing such information sealed, shall comply with the following requirements:

(a)     At least five (5) court days prior to offering Confidential or Highly Confidential Information into evidence at trial or at any hearing in open court, the submitting party shall give notice to all other parties of the submitting party's intention to file or use the Discovery Material, including specific identification of the Discovery Material (e.g., bates number).  Any affected party, non-party, designating party, or owner of the Confidential or Highly Confidential Discovery Material may then apply for an order that the evidence be received in camera or under other less public circumstances to prevent unnecessary disclosure. This procedure does not apply to materials designated as Confidential or Highly Confidential used exclusively for impeachment purposes.  If materials designated as Confidential or Highly Confidential are used exclusively for impeachment, the party seeking to use such materials shall seek to have the proceedings closed prior to introduction of such material and shall abide by paragraphs 13 and 14 if the material is thereafter filed with the court.

(b)     At the time of filing a motion or brief with the Court involving Confidential or Highly Confidential Information, the submitting party will not file the documents in the public record, but shall lodge the materials with

1   the Court under seal.  Any affected party may then file a motion to seal, pursuant to

2   Local Rule 79-5, within fifteen (15) court days after such lodging.  Documents

3   lodged under seal shall bear a legend stating that such materials shall be unsealed

4   upon expiration of fifteen (15) court days, absent the filing of a motion to seal or

5   Court order.  All such materials shall be accepted by the Clerk of the Court for

6   lodging and shall be maintained by the Clerk of the Court separate from the public

7   records in this action and shall be released only upon further Order of the Court

8   pursuant to Local Rule 79-5 regarding the Sealing of Documents.  Where possible,

9   only Confidential or Highly Confidential portions of the filings with the Court shall

10  be lodged under seal.  The failure by the designating party or owner of Confidential

11  or Highly Confidential Information to lodge such material with the Court under seal

12  in no way alters or waives the protected and Confidential or Highly Confidential

13  nature of the said material, which remains subject to the restrictions and limitations

14  set forth in this Protective Order.

15          15.     Nothing in this Protective Order shall be interpreted to constitute

16  an agreement by the parties as to what documents or information must be filed under

17  seal in this litigation or shall block public access to non-confidential information.

18  Rather, this Protective Order sets forth only the procedure for lodging documents

19  designated as Confidential or Highly Confidential temporarily under seal with the

20  Court so that any affected party, non-party, designating party, or owner of the

21  Confidential or Highly Confidential Information may file a proper Motion to

22  permanently Seal the documents from the public record.

23          16.     Any such Motion to Seal must comply with federal rules and

24  Local Rules for such sealing.  The Court's refusal to order certain documents sealed

25  does not impact or abrogate any party's designation of those documents as

26  Confidential or Highly Confidential Information.  If a Motion to Seal is not filed

27  within the time limits set forth above in Paragraph 14 (a) and (b) after proper notice

28  that Confidential or Highly Confidential Information has been lodged under seal with

1   the Court, the documents shall be removed from the sealed envelope(s) or sealed

2   container(s) referenced in Paragraph 13 and shall be placed in the public record.

3           17.   Nothing in this order shall preclude any party from using

4   Confidential or Highly Confidential Information at the trial of this litigation;

5   provided, however, that prior to using such material the party offering it advises the

6   Court and all other parties so that steps can be taken to ensure the preservation of the

7   confidential nature of the information to be used, if deemed necessary and

8   appropriate by the Court.

9           18.   Nothing contained herein shall restrict in any way the rights of

10   any Stipulating Party who owns the Confidential or Highly Confidential Information

11   to release that information or otherwise make it non-Confidential.

12           19.   At the conclusion of the litigation, all Confidential and Highly

13   Confidential Information designated in accordance with this Order shall be placed by

14   counsel for the discovering party in a sealed envelope with the words to the effect

15   "Confidential Pursuant to Protective Order" on the envelope and shall be kept safe,

16   secure and confidential in accordance with the terms of this Order.  Notes,

17   summaries and other documents protected by the work product doctrine shall remain

18   subject to this Stipulation and Protective Order.

19           20.   This Stipulation and Protective Order shall not limit the right of

20   any party to apply for further protective orders as modifications or extensions of

21   this order, and shall not restrict the use by any party of its own information.

22           21.   Once protections in this Stipulation and Protective Order have

23   attached to a document, statement or item of information hereafter communicated,

24   such protections shall not be reduced or waived by further communicating,

25   restating, summarizing, discussing or referring to any such documents, statements

26   or information.

27           22.   This Court and its personnel shall not be bound by the terms of

28   this Protective Order.

1

2  Dated: ~~December ___, 2009~~ *January 19, 2010*

3

4

5

6

7

8  Dated: ~~December 15, 2009~~ *January 15, 2010*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LYNNE C. HERMLE
TINA M. TRAN
TRISH M. HIGGINS
ERIN M. CONNELL
ORRICK, HERRINGTON & SUTCLIFFE LLP

_____  *for Trish M. Higgins*
Trish M. Higgins
Attorneys for Defendant
Morgan Stanley & Co. Incorporated

VAN VLECK TURNER & ZALLER LLP

_____
Anthony J. Zaller
Attorneys for Plaintiffs
Jeremy J. Drake And Adam Scott

OHS West:260761708.2

- 10 -

1

**EXHIBIT A**

2

UNITED STATES DISTRICT COURT

3

CENTRAL DISTRICT OF CALIFORNIA

4

5

| | |
|---|---|
| JEREMY J. DRAKE and ADAM SCOTT, on behalf of themselves and others similarly situated, | Case No.  CV 09-6467 ODW (RCx) |
| Plaintiffs, | **CERTIFICATION RE USE OF PRIVATE AND CONFIDENTIAL INFORMATION** |
| v. | |
| MORGAN STANLEY & COMPANY, INC., MORGAN STANLEY DW, INC. and DOES 1 through 100 inclusive, | |
| Defendants. | |

6

7

8

9

10

11

12

13       I _____, declare under penalty

14    of perjury under the laws of the State of California thereby that I have read in its

15    entirety and understand the attached Protective Order re Private and Confidential

16    Information (the "Protective Order") in the matter of *Drake et al. v. Morgan Stanley*

17    *& Co. Incorporated et al.*, United States District Court, Central District of

18    California, Case No.  CV 09-6467 ODW (RCx).  I hereby agree to fully comply

19    with the terms and conditions thereof.  I also hereby consent to be subject to the

20    jurisdiction of the above-captioned court with respect to any proceedings relating to

21    enforcement of the Protective Order.

22          Executed this _____ day of _____ 200__, at _____.

23

24

25          _____
                        (Signature)

26

27

28

OHS West:260761708.2                         - 11 -                    STIPULATION RE USE OF PRIVATE AND
                                                                         CONFIDENTIAL INFORMATION
                                                                           (CV 09-6467 ODW (RCx))