LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

TINA M. TRAN (STATE BAR NO. 186529)
ttran@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

TRISH M. HIGGINS (STATE BAR NO. 119215)
thiggins@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: 916-447-9200
Facsimile: 916-329-4900

Attorneys for Defendant
Morgan Stanley & Co. Incorporated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY J. DRAKE and ADAM SCOTT, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & COMPANY, INC., MORGAN STANLEY DW, INC. and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. CV 09-6467 ODW (RCx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER RE USE OF PRIVATE AND CONFIDENTIAL INFORMATION<br><br>NOTE CHANGES MADE BY THE COURT. |

Good cause appearing, the Court hereby approves and enters this Protective Order relating to the use of private and confidential information, stipulated, consented to and agreed by Plaintiff Jeremy Drake, Plaintiff Adam Scott and Defendant Morgan Stanley & Co. Incorporated (collectively "Stipulating Parties"), through their respective counsel of record.

1. The preparation and trial of this action may require the discovery or disclosure of documents, information or other material, including but not limited to documents, depositions, and interrogatory responses or other papers ("Discovery Material") claimed by one or more of the parties to this action or others to be confidential.

2. In order to expedite the flow of information, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and serve the ends of justice, a protective order for such information is prudent and necessary.

3. Any Stipulating Party may designate any Discovery Material as "Confidential" or "Highly Confidential" as those terms are defined in Paragraphs 4 and 5 below, that a Stipulating Party has kept secret or confidential and which, if disclosed, could place a Stipulating Party at a competitive disadvantage in the marketplace or cause disclosure of information protected by the right to privacy. Discovery Material shall be designated confidential by stamping the word "Confidential" or "Highly Confidential," as appropriate, on each page of the document containing the information or by a Stipulating Party advising the other Stipulating Party in writing that such documents are deemed to be "Confidential" or "Highly Confidential." Any such designation shall subject the documents or information, its contents, and any portion thereof, to this Protective Order without any further act on the part of the designating party.

4. "Confidential Information" includes documents or other information constituting trade secrets, proprietary or other confidential commercial

information that belongs to Morgan Stanley & Co. Incorporated ("Morgan Stanley") and which if disclosed could place Morgan Stanley at a competitive disadvantage in the marketplace or cause disclosure of information protected by the right to privacy, including the following specific categories of documents:

    (a)    documents that reveal confidential employee information such as name, address, telephone number, salary, commission or asset information, or demographic or other personal information;

    (b)    documents that reveal financial or personal information regarding Morgan Stanley's clients;  and

    (c)    documents that reveal confidential financial or commercial information regarding Morgan Stanley's business that is not available to the public or Morgan Stanley's competitors and which if disclosed could place Morgan Stanley at a competitive disadvantage in the marketplace or cause disclosure of information protected by the right to privacy.  "Confidential Information" also includes documents or information protected by the right to privacy relating to Jeremy Drake, Adam Scott, or past and present employees of Morgan Stanley, including private personnel or medical information.

    5.    "Highly Confidential" information includes any Confidential Information which contains information of the most sensitive nature that must not only be protected from disclosure to non-parties, but also from disclosure to the parties themselves.

    6.    Neither the provisions of this Stipulated Protective Order, nor any designation or failure to designate any particular Discovery Material by a party as Confidential or Highly Confidential Information shall, in this litigation or any other litigation, constitute a waiver of the rights of a party to assert confidentiality with respect to any document, material or information meeting the definition of Confidential or Highly Confidential Information in Paragraphs 4 or 5 above.  Upon discovery of an inadvertent or otherwise non-designation, the discovering party will

1 immediately notify the opposing party and the Discovery Material will be
2 henceforth treated as if it had been originally designated as Confidential or Highly
3 Confidential Information, as appropriate, and will be subject to the terms of this
4 Stipulated Protective Order.

5       7.    Should any Stipulating Party object to the Confidential or
6 Highly Confidential treatment of any information designated Confidential or
7 Highly Confidential under the terms hereof, such Stipulating Party shall, after
8 meeting and conferring in good faith with the designating party, move the Court for [handwritten insertion: *and complying with Local Rule?*]
9 an order releasing the material from the designation as Confidential or Highly
10 Confidential.

11       8.    All Confidential Information provided by the parties pursuant to
12 discovery or otherwise obtained in the course of this litigation shall be treated as
13 confidential and shall not be disseminated to any person not directly connected with
14 this specific litigation. Specifically, all Confidential Information listed in
15 Paragraph 4 that is obtained through discovery or otherwise from the parties in this
16 case shall not be disclosed to anyone other than:

17       (a)    retained and corporate attorneys for any Stipulating Party
18 who are engaged in litigating this action and the employees of such attorneys;

19       (b)    persons not employees of any Stipulating Party who serve
20 as experts or consultants ("outside experts") to assist such Stipulating Party's
21 counsel in the preparation of this action for trial, including, but not limited to
22 auditors, accountants, statisticians, economists, medical and mental health experts,
23 attorneys and other experts, and the employees of such persons;

24       (c)    a Stipulating Party, or principals, officers, employees,
25 agents or representatives of any Stipulating Party, whose assistance or consultation
26 is required by counsel in connection with the prosecution or defense of this action;

27       (d)    potential witnesses in connection with this litigation;

28

(e)   any mediator hired by the parties to assist in resolving this case; and (f) the Court and its personnel.

9.   All Highly Confidential Information provided by the parties pursuant to discovery or otherwise obtained in the course of litigation shall be treated as highly confidential. Specifically, all Highly Confidential Information listed in Paragraph 5 that is obtained through discovery or otherwise from the parties in this case shall not be disclosed or made available without written consent from the designating party or owner of the "Highly Confidential" material and may be made ONLY to the following persons:

(a)   Counsel of record in this Action, including employees of such law firms; other outside counsel associated with Counsel of record in the representation of a Party in this Action and in-house counsel and legal assistants employed by a party to this Action and providing services in connection with this Action provided that all such persons shall be bound by the provisions of this Protective Order; and

(b)   independent experts or consultants of the receiving party to whom disclosure is reasonably necessary for this litigation. An expert shall be considered an independent expert or consultant only if he or she is not currently employed by or consulting with any competitor of the party producing the Highly Confidential Information. Defendant's competitors for purposes of this provision are defined as any current employee or principal of any large or mid-sized national or international brokerage firm; and (c) the Court and its personnel.

10.   No person shall make any disclosure of Confidential Information to any person falling within categories (b), (c) or (d) in Paragraph 8 without first obtaining from any such person a signed statement in the form attached hereto as Exhibit "A." No person shall make any disclosure of Highly Confidential Information to any person falling within category (b) in Paragraph 9 without first obtaining from any such person a signed statement in the form

1  attached hereto as Exhibit "A." Either party may request of the other a copy (if
2  any) of said signed statement(s) to counsel. The other party must promptly comply
3  with such a request by providing copies of the signed statement(s) by telecopier or
4  other appropriate means, and in no event beyond five (5) court days of such a
5  request. If a party objects to the disclosure of information to a particular person, the
6  Stipulating Party objecting to such disclosure shall promptly comply with Local Rule 37 and ~~have five (5) court days to~~ seek
7  a protective order from the Court barring such disclosure and no such disclosure
8  shall be made until further order of the Court.

9        11.   No disclosure of Confidential or Highly Confidential
10 Information shall be made except in accordance with this Stipulation and Protective
11 Order, and no use shall be made of any Confidential or Highly Confidential
12 Information except in accordance with this Stipulation and Protective Order.

13       12.   This order shall in no way impair the right of any party to raise
14 or assert a defense or objection, including but not limited to defenses or objections
15 to the production of documents or information and to the use, relevancy or
16 admissibility at the trial of this litigation of any evidence, based on privacy, trade
17 secret, confidentiality, attorney-client privilege, attorney work product, relevancy or
18 any other grounds (when the parties deem such an objection to be necessary or
19 appropriate) whether or not comprised of documents or information are governed
20 by this order.

21       13.   Absent consent by the designating party or owner of the
22 Confidential or Highly Confidential Information, in the event that counsel for any
23 party determines to file with the Court any pleading, motions, brief or other papers
24 which contain or make reference to Confidential or Highly Confidential
25 Information, such papers shall not be filed in the public records, but shall be lodged
26 with the Court under seal in sealed envelopes or other appropriate sealed containers,
27 until such time as any other affected party, non-party, designating party, or owner
28 of the Confidential or Highly Confidential Information files a Motion to Seal the

documents in accordance with ~Local Rule 79-5 and~ Paragraph 14 below, ~provided para. 14 does not conflict with LR 79-5.~ ~On the outside of the envelopes, a copy of the first page of the document shall be attached.~ If Confidential or Highly Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "Confidential" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> "This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties."

   14.   A party that files with the Court, or seeks to use at trial or any hearing in this matter, materials designated as Confidential or Highly Confidential Information by anyone other than itself, and who does not seek to have the record containing such information sealed, shall comply with the following requirements:

   (a)   At least five (5) court days prior to offering Confidential or Highly Confidential Information into evidence at trial or at any hearing in open court, the submitting party shall give notice to all other parties of the submitting party's intention to file or use the Discovery Material, including specific identification of the Discovery Material (e.g., bates number). Any affected party, non-party, designating party, or owner of the Confidential or Highly Confidential Discovery Material may then apply for an order that the evidence be received in camera or under other less public circumstances to prevent unnecessary disclosure. This procedure does not apply to materials designated as Confidential or Highly Confidential used exclusively for impeachment purposes. If materials designated as Confidential or Highly Confidential are used exclusively for impeachment, the party seeking to use such materials shall seek to have the proceedings closed prior to introduction of such material and shall abide by paragraphs 13 and 14 if the material is thereafter filed with the court.

(b)     At the time of filing a motion or brief with the Court involving Confidential or Highly Confidential Information, the submitting party will not file the documents in the public record, but shall lodge the materials with the Court under seal. Any affected party may then file a motion to seal, pursuant to Local Rule 79-5, within fifteen (15) court days after such lodging. Documents lodged under seal shall bear a legend stating that such materials shall be unsealed upon expiration of fifteen (15) court days, absent the filing of a motion to seal or Court order. ~~All such materials shall be accepted by the Clerk of the Court for lodging and shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further Order of the Court pursuant to Local Rule 79-5 regarding the Sealing of Documents~~. Where possible, only Confidential or Highly Confidential portions of the filings with the Court shall be lodged under seal. The failure by the designating party or owner of Confidential or Highly Confidential Information to lodge such material with the Court under seal in no way alters or waives the protected and Confidential or Highly Confidential nature of the said material, which remains subject to the restrictions and limitations set forth in this Protective Order.

15.     Nothing in this Protective Order shall be interpreted to constitute an agreement by the parties as to what documents or information must be filed under seal in this litigation or shall block public access to non-confidential information. Rather, this Protective Order sets forth only the procedure for lodging documents designated as Confidential or Highly Confidential temporarily under seal with the Court so that any affected party, non-party, designating party, or owner of the Confidential or Highly Confidential Information may file a proper Motion to permanently Seal the documents from the public record.

16.     Any such Motion to Seal must comply with federal rules and Local Rules for such sealing. The Court's refusal to order certain documents sealed does not impact or abrogate any party's designation of those documents as

Confidential or Highly Confidential Information. If a Motion to Seal is not filed within the time limits set forth above in Paragraph 14 (a) and (b) after proper notice that Confidential or Highly Confidential Information has been lodged under seal with the Court, the documents shall be removed from the sealed envelope(s) or sealed container(s) referenced in Paragraph 13 and shall be placed in the public record.

17. Nothing in this order shall preclude any party from using Confidential or Highly Confidential Information at the trial of this litigation; provided, however, that prior to using such material the party offering it advises the Court and all other parties so that steps can be taken to ensure the preservation of the confidential nature of the information to be used, if deemed necessary and appropriate by the Court.

18. Nothing contained herein shall restrict in any way the rights of any Stipulating Party who owns the Confidential or Highly Confidential Information to release that information or otherwise make it non-Confidential.

19. At the conclusion of the litigation, all Confidential and Highly Confidential Information designated in accordance with this Order shall be placed by counsel for the discovering party in a sealed envelope with the words to the effect "Confidential Pursuant to Protective Order" on the envelope and shall be kept safe, secure and confidential in accordance with the terms of this Order. Notes, summaries and other documents protected by the work product doctrine shall remain subject to this Stipulation and Protective Order.

20. This Stipulation and Protective Order shall not limit the right of any party to apply for further protective orders as modifications or extensions of this order, and shall not restrict the use by any party of its own information.

21. Once protections in this Stipulation and Protective Order have attached to a document, statement or item of information hereafter communicated, such protections shall not be reduced or waived by further communicating,

1 | restating, summarizing, discussing or referring to any such documents, statements
2 | or information.

3 |        22.    This Court and its personnel shall not be bound by the terms of
4 | this Protective Order.

5 |        **IT IS SO ORDERED,** as amended at paras. 7 through 10,
6 | Dated: Jan. 21, 2010    13 and 14.

        _____
        ~~OTIS D. WRIGHT, II~~
        ~~UNITED STATES DISTRICT JUDGE~~

        ROSALYN M. CHAPMAN
        UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY J. DRAKE and ADAM SCOTT, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & COMPANY, INC., MORGAN STANLEY DW, INC. and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. CV 09-6467 ODW (RCx)<br><br>**CERTIFICATION RE USE OF PRIVATE AND CONFIDENTIAL INFORMATION** |

I _____, declare under penalty of perjury under the laws of the State of California thereby that I have read in its entirety and understand the attached Protective Order re Private and Confidential Information (the "Protective Order") in the matter of *Drake et al. v. Morgan Stanley & Co. Incorporated et al.*, United States District Court, Central District of California, Case No. CV 09-6467 ODW (RCx). I hereby agree to fully comply with the terms and conditions thereof. I also hereby consent to be subject to the jurisdiction of the above-captioned court with respect to any proceedings relating to enforcement of the Protective Order.

Executed this \_\_\_\_ day of _____ 200\_\_, at _____.

_____
(Signature)