1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
3  Menlo Park, CA  94025
   Telephone:  650-614-7400
4  Facsimile:   650-614-7401

5  TINA M. TRAN (STATE BAR NO. 186529)
   ttran@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
7  Los Angeles, CA  90017
   Telephone:  213-629-2020
8  Facsimile:   213-612-2499

9  TRISH M. HIGGINS (STATE BAR NO. 119215)
   thiggins@orrick.com
10 ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
11 Sacramento, CA  95814-4497
   Telephone:  916-447-9200
12 Facsimile:   916-329-4900

13 Attorneys for Defendant and Counterclaimant
   Morgan Stanley & Co. Incorporated
14

15              UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17
   JEREMY J. DRAKE and ADAM SCOTT,      Case No. CV 09-6467 ODW (RCx)
18 on behalf of themselves and others similarly
   situated,                           CLASS ACTION
19            Plaintiffs,
                                        MORGAN STANLEY & CO.
20      v.                              INCORPORATED'S
                                        AMENDED ANSWER AND
21 MORGAN STANLEY & COMPANY,            COUNTERCLAIMS
   INC., MORGAN STANLEY DW, INC. and
22 DOES 1 through 100 inclusive,        Action Filed:  July 30, 2009
                                        Trial Date:    November 9, 2010
23            Defendants.
   MORGAN STANLEY & CO.
24 INCOPORATED,
             Counterclaimant,
25
        v.
26
   JEREMY J. DRAKE,
27
             Counterdefendant.
28

1    Defendant Morgan Stanley & Co. Incorporated (sued erroneously herein as

2    Morgan Stanley & Company, Inc.; Morgan Stanley DW, Inc.) ("Morgan Stanley")

3    or ("Defendant") hereby submits its Amended Answer, including affirmative

4    defenses, to the Class Action Complaint ("Complaint") filed by Plaintiffs Jeremy J.

5    Drake ("Drake") and Adam Scott ("Scott") (collectively, "Plaintiffs"), and Morgan

6    Stanley's Counterclaims thereto.

7    Morgan Stanley reserves herein the right to assert additional affirmative

8    defenses that may appear and prove applicable during the course of this litigation.

9

10    **I.  THE PARTIES**

11    1.    Morgan Stanley admits that Plaintiffs are, or were, employees of

12    Morgan Stanley.  Morgan Stanley lacks knowledge or information sufficient to

13    form a belief regarding the truth of the remaining allegations in paragraph 1 and

14    therefore denies those allegations.

15    2.    Morgan Stanley admits that it is a global financial services firm and

16    that it is headquartered in New York.  Except as expressly admitted, Morgan

17    Stanley denies the remaining allegations in paragraph 2.

18    3.    Morgan Stanley lacks knowledge or information sufficient to form a

19    belief as to the truth of the allegations in paragraph 3 and therefore denies those

20    allegations.

21    4.    Morgan Stanley lacks knowledge or information sufficient to form a

22    belief as to the truth of the allegations in paragraph 4 and therefore denies those

23    allegations.

24    **II.  JURISDICTION AND VENUE**

25    5.    Morgan Stanley denies the allegations in paragraph 5.

26    **III.  APPLICABLE LAW**

27    6.    Morgan Stanley admits the allegations in paragraph 6.

28

OHS
West:260812242

AMENDED ANSWER AND COUNTERCLAIMS
CV 09-6467 ODW (RCx)

1         7.    Morgan Stanley responds that the allegations contained in paragraph 7

2    constitute legal conclusions and no factual statements to which an answer is

3    required.

4         8.    Morgan Stanley responds that the allegations contained in paragraph 8

5    constitute legal conclusions and no factual allegations to which an answer is

6    required.

7         9.    Morgan Stanley responds that the allegations contained in paragraph 9

8    constitute legal conclusions and no factual allegations to which an answer is

9    required.

10        10.    Morgan Stanley responds that the allegations contained in paragraph

11   10 constitute legal conclusions and no factual allegations to which an answer is

12   required.

13        11.    Morgan Stanley responds that the allegations contained in paragraph

14   11 constitute legal conclusions and no factual allegations to which an answer is

15   required.

16        12.    Morgan Stanley responds that the allegations contained in paragraph

17   12 constitute legal conclusions and no factual allegations to which an answer is

18   required.

19        13.    Morgan Stanley responds that the allegations contained in paragraph

20   13 constitute legal conclusions and no factual allegations to which an answer is

21   required.

22        14.    Morgan Stanley responds that the allegations contained in paragraph

23   14 constitute legal conclusions and no factual allegations to which an answer is

24   required.

25        15.    Morgan Stanley responds that the allegations contained in paragraph

26   15 constitute legal conclusions and no factual allegations to which an answer is

27   required.

28

1     16.     Morgan Stanley responds that the allegations contained in paragraph

2  16 constitute legal conclusions and no factual allegations to which an answer is

3  required.

4     17.     Morgan Stanley denies that allegations in paragraph 17.

5     18.     Morgan Stanley responds that the allegations contained in paragraph

6  18 constitute legal conclusions and no factual allegations to which an answer is

7  required.

8     19.     Morgan Stanley responds that the allegations contained in paragraph

9  19 constitute legal conclusions and no factual allegations to which an answer is

10  required.

11     20.     Morgan Stanley responds that the allegations contained in paragraph

12  20 constitute legal conclusions and no factual allegations to which an answer is

13  required.

14     21.     Morgan Stanley responds that the allegations contained in paragraph

15  21 constitute legal conclusions and no factual allegations to which an answer is

16  required.

17     22.     Morgan Stanley denies the allegations in paragraph 22.

18              **IV. <u>FACTUAL ALLEGATIONS</u>**

19     23.     Morgan Stanley admits that it is one of the largest and best known

20  global financial advisory firms.  Except as expressly admitted, Morgan Stanley

21  denies the remaining allegations in paragraph 23.

22     24.     Morgan Stanley denies the allegations in paragraph 24.

23     25.     Morgan Stanley denies the allegations in paragraph 25.

24              (a)     Morgan Stanley denies the allegations in paragraph 25(a).

25              (b)     Morgan Stanley denies the allegations in paragraph 25(b).

26              (c)     Morgan Stanley admits that it may terminate Financial Advisors'

27              employment at any time without notice or cause.  Morgan Stanley

28              admits that promissory notes executed by Plaintiffs provide that in the

1    event of default, which included the termination of employment with

2    Morgan Stanley during the term of the note "for any reason

3    whatsoever," Morgan Stanley may declare the remaining balance on

4    the Note immediately due and payable.  Except as expressly admitted,

5    Morgan Stanley denies the remaining allegations in paragraph 25(c).

6         (d)    Morgan Stanley denies the allegations in paragraph 25(d).

7         (e)    Morgan Stanley denies the allegations in paragraph 25(e).

8         (f)    Morgan Stanley denies the allegations in paragraph 25(f).

9    26.    Morgan Stanley denies the allegations in paragraph 26.

10   27.    Morgan Stanley denies the allegations in paragraph 27.

11   28.    Morgan Stanley admits that Plaintiffs are or were employed by

12   Morgan Stanley as Financial Advisors.  Except as expressly admitted, Morgan

13   Stanley denies the remaining allegations in paragraph 28.

14   29.    Morgan Stanley admits that Plaintiffs purport to bring this claim as

15   alleged.  Morgan Stanley, however, denies the merits of the claims against it.

16   Morgan Stanley denies the remaining allegations in paragraph 29.

17                          **V.  CLASS ALLEGATIONS**

18   30.    Morgan Stanley admits that Plaintiffs purport to bring this claim as

19   alleged.  Morgan Stanley, however, denies the merits of the claims against it.

20   31.    Morgan Stanley admits that Plaintiffs purport to bring this claim as

21   alleged.  Morgan Stanley, however, denies the merits of the claims against it.

22   32.    Morgan Stanley admits that Plaintiffs purport to bring this claim as

23   alleged.  Morgan Stanley, however, denies the merits of the claims against it.

24   Except as expressly admitted, Morgan Stanley denies the allegations in paragraph

25   32.

26   33.    Morgan Stanley denies the allegations in paragraph 33.

27   34.    Morgan Stanley lacks knowledge or information sufficient to form a

28   belief regarding the truth of the allegations regarding counsel's competency or

AMENDED ANSWER AND COUNTERCLAIMS
CV 09-6467 ODW (RCX)

1    experience and therefore denies those allegations.  Morgan Stanley denies the

2    remaining allegations in paragraph 34.

3        35.      Morgan Stanley denies the allegations in paragraph 35.

4        36.      Morgan Stanley denies the allegations in paragraph 36.

5             (a)      Morgan Stanley denies the allegations in paragraph 36(a).

6             (b)      Morgan Stanley denies the allegations in paragraph 36(b).

7             (c)      Morgan Stanley denies the allegations in paragraph 36(c).

8             (d)      Morgan Stanley denies the allegations in paragraph 36(d).

9        37.      Morgan Stanley denies the allegations in paragraph 37.

10            (a)      Morgan Stanley denies the allegations in paragraph 37(a).

11            (a)      (sic) Morgan Stanley denies the allegations in paragraph 37(a).

12            (b)      Morgan Stanley denies the allegations in paragraph 37(b).

13            (c)      Morgan Stanley denies the allegations in paragraph 37(c).

14        38.      Morgan Stanley denies the allegations in paragraph 38.

15        39.      Morgan Stanley lacks knowledge or information sufficient to form a

16    belief as to the truth of the allegations regarding the matters about which Plaintiffs

17    are aware, and therefore denies those allegations.  Morgan Stanley denies the

18    remaining allegations of paragraph 39.

19        40.      Morgan Stanley denies the allegations in paragraph 40.

20        41.      Morgan Stanley admits that Plaintiffs purport to bring this claim as

21    alleged.  Morgan Stanley, however, denies the merits of the claims against it.

22    Morgan Stanley denies the remaining allegations in paragraph 41.

23                    **FIRST CAUSE OF ACTION**

24    **(Failure to Pay Earned Wages Free and Clear of Employer Deductions,**

25                       **Charges and Expenses)**

26        **(By Named Plaintiffs and the Class against Defendants)**

27        42.      Morgan Stanley restates and incorporates the replies set forth in the

28    preceding and foregoing paragraphs of this Amended Answer.

1       43.    Morgan Stanley responds that the allegations contained in paragraph

2  43 constitute legal conclusions and no factual allegations to which no answer is

3  required.

4       44.    Morgan Stanley denies the allegations in paragraph 44.

5       45.    Morgan Stanley denies the allegations in paragraph 45.

6       46.    Morgan Stanley denies the allegations in paragraph 46.

7                 **SECOND CAUSE OF ACTION**

8         **(Failure to Pay Minimum Wage for All Hours Worked)**

9         **(By Named Plaintiffs and the Class against Defendants)**

10      47.    Morgan Stanley restates and incorporates the replies set forth in

11  preceding and foregoing paragraphs of this Amended Answer.

12      48.    Morgan Stanley responds that the allegations contained in paragraph

13  48 constitute legal conclusions and no factual allegations to which an answer is

14  required.

15      49.    Morgan Stanley denies the allegations in paragraph 49.

16      50.    Morgan Stanley denies the allegations in paragraph 50.

17      51.    Morgan Stanley admits that Plaintiffs purportedly request the remedies

18  alleged.  Morgan Stanley, however, denies that Plaintiffs are entitled to any such

19  remedies.

20                 **THIRD CAUSE OF ACTION**

21          **(Failure to Pay Earned Overtime Wages)**

22         **(By Named Plaintiffs and the Class against Defendants)**

23      52.    Morgan Stanley restates and incorporates the replies set forth in

24  preceding and foregoing paragraphs of this Amended Answer

25      53.    Morgan Stanley responds that the allegations contained in paragraph

26  53 constitute legal conclusions and no factual allegations to which an answer is

27  required.

28      54.    Morgan Stanley denies the allegations in paragraph 54.

55.    Morgan Stanley admits that Plaintiffs purportedly request the remedies alleged.  Morgan Stanley, however, denies that Plaintiffs are entitled to any such remedies.

## FOURTH CAUSE OF ACTION

### (Statutory Penalties for Untimely Payment of Wages)

### (By Named Plaintiffs and the Class against Defendants)

56.    Morgan Stanley restates and incorporates the replies set forth in the preceding and foregoing paragraphs of this Amended Answer.

57.    Morgan Stanley responds that the allegations contained in paragraph 57 constitute legal conclusions and no factual allegations to which an answer is required..

58.    Morgan Stanley denies the allegations in paragraph 58.

59.    Morgan Stanley denies the allegations in paragraph 59.

## FIFTH CAUSE OF ACTION

### (Unfair Competition and Restraint of Trade)

### (By Named Plaintiffs and the Class against Defendants)

60.    Morgan Stanley restates and incorporates the replies set forth in preceding and foregoing paragraphs of this Amended Answer.

61.    Morgan Stanley responds that the allegations contained in paragraph 61 constitute legal conclusions and no factual allegations to which an answer is required.

62.    Morgan Stanley denies the allegations in paragraph 62.

63.    Morgan Stanley denies the allegations in paragraph 63.

64.    Morgan Stanley denies the allegations in paragraph 64.

## AFFIRMATIVE DEFENSES

65.    Morgan Stanley asserts the following affirmative defenses to the Complaint and its purported causes of action:

OHS West:260812242.1

AMENDED ANSWER AND COUNTERCLAIMS
CV 09-6467 ODW (RCx)

1

### FIRST AFFIRMATIVE DEFENSE

2

### (Unfair Failure to State a Claim)

3    66.    As a separate defense to the Complaint, Morgan Stanley alleges that

4    the Complaint fails to state a claim upon which relief may be granted.

5

### SECOND AFFIRMATIVE DEFENSE

6

### (Laches)

7    67.    As a separate defense to the Complaint, Morgan Stanley alleges that

8    some or all of the claims asserted in the Complaint are barred by the equitable

9    doctrine of laches.

10

### THIRD AFFIRMATIVE DEFENSE

11

### (Waiver)

12    68.    As a separate defense to the Complaint, Morgan Stanley alleges that

13    some or all of the claims asserted by Plaintiffs and/or the members of the proposed

14    class are barred by the equitable doctrine of waiver.

15

### FOURTH AFFIRMATIVE DEFENSE

16

### (Estoppel)

17    69.    As a separate defense to the Complaint, Morgan Stanley alleges that

18    some or all of the claims asserted by Plaintiffs and/or the members of the proposed

19    class are barred by the equitable doctrine of estoppel.

20

### FIFTH AFFIRMATIVE DEFENSE

21

### (Unclean Hands)

22    70.    As a separate defense to the Complaint, Morgan Stanley alleges that

23    some or all of the claims asserted claims asserted by Plaintiffs and/or the members

24    of the proposed class are barred by the equitable doctrine of unclean hands.

25

### SIXTH AFFIRMATIVE DEFENSE

26

### (Statute of Limitations)

27    71.    As a separate defense to the Complaint, Morgan Stanley alleges that

28    the claims asserted by Plaintiffs and/or the members of the proposed class are

1    barred by the applicable statutes of limitation, including but not limited to

2    California Code of Civil Procedure sections 338 and 340 and California Business

3    and Professions Code section 17208.

4                    **SEVENTH AFFIRMATIVE DEFENSE**

5                           **(Failure to Mitigate)**

6          72.    As a separate defense to the Complaint, Morgan Stanley alleges that

7    Plaintiffs and/or members of the proposed class have failed to mitigate their

8    damages, if any.  Alternatively, Morgan Stanley alleges that any recovery by

9    Plaintiffs should be reduced by those damages Plaintiffs and/or members of the

10   proposed class failed to mitigate.

11                    **EIGHTH AFFIRMATIVE DEFENSE**

12          **(Requirements for Class, Group or Collective Action)**

13         73.    As a separate defense to the Complaint and each cause of action

14   therein, Morgan Stanley alleges that Plaintiffs and the proposed class cannot satisfy

15   the requirements for a class, group, collective or representative action under

16   applicable law.

17                     **NINTH AFFIRMATIVE DEFENSE**

18                          **(Lack of Standing)**

19         74.    As a separate defense to the Complaint and each cause of action

20   therein, Morgan Stanley alleges that the claims are barred to the extent that

21   Plaintiffs lacks standing to raise some or all of the claims of the alleged class of

22   persons whom Plaintiffs purport to represent.

23                     **TENTH AFFIRMATIVE DEFENSE**

24                            **(Exemption)**

25         75.    As a separate defense to the Complaint, Morgan Stanley alleges that

26   some or all of the claims in the Complaint are barred because Plaintiffs and the

27   members of the proposed class are properly classified as exempt from applicable

28   overtime and wage and hour laws, including but not limited to exemptions under

1  the administrative exemption, the professional exemption, and the commissioned

2  sales exemption.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Compromise, Settlement, Waiver, Accord, Satisfaction, Set-Off, Release)**

5  76.   As a separate defense to the Complaint, Morgan Stanley alleges that

6  Plaintiffs and/or members of the proposed class are precluded from recovering any

7  amounts from Morgan Stanley because Morgan Stanley has paid Plaintiffs and/or

8  members of the proposed class all sums legally due under California law, as

9  applicable, and/or Plaintiffs and/or members of the proposed class have

10  compromised and/or released some or all of claims asserted in this lawsuit and,

11  accordingly, such claims are barred by the doctrines of compromise, settlement,

12  waiver, accord, satisfaction, set off, and/or release.

### TWELFTH AFFIRMATIVE DEFENSE

**(Failure To Perform Duties)**

15  77.   As a separate defense to the Complaint, Morgan Stanley alleges that

16  the Complaint, and each purported cause of action contained therein, is barred to

17  the extent that Plaintiffs, and/or the members of the proposed class failed to

18  perform their respective duties, failed to perform those duties which Morgan

19  Stanley realistically expected each to perform, failed to use ordinary care and

20  diligence in the performance of their duties, failed to substantially comply with the

21  reasonable directions of their alleged employer, failed to exercise a reasonable

22  degree of skill in performing their job duties and/or have failed to comply with

23  California Labor Code sections 2854, 2856, 2858 and 2859, respectively.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Good Faith)**

26  78.   As a separate defense to the Complaint and each cause of action

27  therein, Morgan Stanley alleges that any act(s) and/or omissions(s) which may be

28  found to be in violation of the rights afforded by California law were not willful but

1   occurred in good faith with reasonable grounds for believing that it was in full

2   compliance with applicable law.

3                    **FOURTEENTH AFFIRMATIVE DEFENSE**

4   **(Failure to State a Claim Re Damages, Costs, Fees, Injunctive or Equitable**

5                                      **Relief)**

6          79.    As a separate defense to the Complaint, Morgan Stanley alleges that

7   the Complaint fails to state a claim for which relief may be granted that provides for

8   compensatory, consequential or liquidated damages, or any other damages, costs,

9   fees, injunctive or other equitable relief, allowed by applicable law.

10                   **FIFTEENTH AFFIRMATIVE DEFENSE**

11                                    **(Offset)**

12         80.    As a separate defense to the Complaint and to each claim therein,

13  Morgan Stanley alleges that if any damages have been sustained by Plaintiffs

14  and/or by any member of the proposed class although such is not admitted and is

15  specifically denied, Morgan Stanley is entitled by equity to offset all time Morgan

16  Stanley voluntarily paid for not worked by Plaintiffs and/or members of the

17  proposed class against any judgment that may be entered against Morgan Stanley.

18  Additionally, Morgan Stanley is entitled to offset for all amounts, including the

19  principal balance, accrued and accruing interests, and attorneys' fees and costs,

20  owed by Plaintiffs and/or by any member of the proposed class to Morgan Stanley

21  pursuant to loans and/or promissory notes executed by Plaintiffs and/or any

22  members of the proposed class.

23                   **SIXTEENTH AFFIRMATIVE DEFENSE**

24                              **(Unconstitutional)**

25         81.    As a separate defense to the Complaint, Morgan Stanley alleges that

26  California Business and Professions Code Section 17200 is unconstitutionally

27  vague as applied here in violation of Morgan Stanley's rights of due process and

28

1  equal protection under the United States Constitution and the California

2  Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Seventh Amendment)

82.   As a separate defense to the Complaint, Morgan Stanley alleges that
because liability may not be determined by a single jury on a class wide basis,
allowing this action to proceed as a class action would violate Morgan Stanley's
rights under the Seventh Amendment.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Res Judicata and/or Collateral Estoppel)

83.   As a separate defense to the Complaint, Morgan Stanley alleges that
claims asserted by Plaintiffs and/or the members of the proposed class are barred by
the doctrine of *res judicata* and/or collateral estoppel.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Adequate Remedy)

84.   As a separate defense to the Complaint, Morgan Stanley alleges that
the claims for equitable and/or declaratory relief asserted by Plaintiffs and/or the
members of the proposed class are barred because Plaintiff and/or the alleged class
have an adequate remedy at law for their claims.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (No Competent Plaintiff)

85.   As a separate defense to the Complaint, Morgan Stanley alleges that
Plaintiffs are not appropriate class or group representatives.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Negligence, Comparative Fault)

86.   As a separate defense to the Complaint, to the extent any damages
were sustained by Plaintiff and/or any members of the proposed class, which is
expressly denied, Morgan Stanley alleges that such damages were proximately,

1  wholly or in part caused by Plaintiffs' and/or the member(s) of the proposed class's

2  own negligence, comparative fault, actions, inactions, or delay in acting.

3  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

4  **(Consent, Ratification)**

5      87.    As a separate defense to the Complaint, Morgan Stanley alleges that

6  Plaintiffs and/or members of the proposed class consented to and/or ratified some

7  or all of the actions now complained of.

8  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

9  **(Cause of Alleged Injury)**

10      88.    As a separate defense to the Complaint, Morgan Stanley alleges that

11  no conduct or omission by Morgan Stanley was the cause in fact or proximate cause

12  of any injury allegedly suffered by Plaintiffs and/or any members of the proposed

13  class.

14  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

15  **(Dispute Over Wages)**

16      89.    As a separate defense to the Complaint, Morgan Stanley alleges that

17  the claims of Plaintiffs and/or the members of the proposed class are subject to

18  good faith disputes over wages.

19  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

20  **(Misconduct)**

21      90.    As a separate defense to the Complaint, Morgan Stanley alleges that

22  Plaintiffs and/or the members of the proposed class engaged in willful misconduct

23  which precludes maintenance of this action and was a proximate cause of the

24  claimed damages, if any damages were sustained.

25

26

27

28

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

91.    As a separate defense to the Complaint, Morgan Stanley alleges that the claims of Plaintiffs and/or the members of the proposed class are barred because any recovery from Morgan Stanley would result in unjust enrichment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

92.    As a separate defense to the Complaint, Morgan Stanley alleges that the claims of Plaintiffs and/or the members of the proposed class may be barred and/or limited by subsequently discovered evidence of misconduct by Plaintiffs or members of the proposed class which would have resulted in the termination of their employment.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure To Exhaust Administrative Prerequisites)

93.    As a separate defense to the Complaint, Morgan Stanley alleges that the claims for civil penalties by Plaintiffs and/or the members of the proposed class are barred because Plaintiffs failed to give timely notice of the alleged statutory violations to the California Labor and Workforce Development Agency and to Defendants, as required by California Labor Code section 2699 and California Civil Procedure Code Section 340(a).

## PLAINTIFFS' PRAYER FOR RELIEF

94.    Wherefore Morgan Stanley denies each and every allegation contained in the Prayer in Plaintiffs' Complaint, and specifically deny that Plaintiffs and/or any members of the purported class are entitled to any judgment against Morgan Stanley, to any of the relief described therein, or to any remedy whatsoever against Morgan Stanley.

OHS West:260812242.1

AMENDED ANSWER AND COUNTERCLAIMS
CV 09-6467 ODW (RCx)

## MORGAN STANLEY'S COUNTERCLAIMS AGAINST
## PLAINTIFF JEREMY DRAKE

95.     This is an action by a securities brokerage firm to recover the substantial balance due pursuant to loans given to a former employee.  The loans were evidenced by unambiguous written Promissory Notes signed by the former employee which specifically require the former employee to repay the outstanding principal balance on the Promissory Notes, accrued and accruing interest, plus all costs of collection including attorneys' fees, filing fees and related costs and expenses.

96.     Following the end of this former employee's employment, demand was made for the repayment of the loans.  Despite demand, the former employee has failed and refuses to honor his obligations under the outstanding Promissory Notes.

### PARTIES

97.     Morgan Stanley & Co. Incorporated ("Morgan Stanley"), at all times material hereto, was, and is, a broker-dealer, registered as such with the U.S. Securities and Exchange Commission ("SEC") and, among others, the State of California.  Morgan Stanley is also a member of various self-regulatory organizations, including the New York Stock Exchange, Inc. ("NYSE") and the Financial Industry Regulatory Authority ("FINRA").

98.     Plaintiff Jeremy Drake ("Drake") was a Financial Advisor with Morgan Stanley, in one of its offices located in Torrance, California.

### JURISDICTION AND HEARING VENUE

99.     This Court has jurisdiction to hear and decide this controversy pursuant to 28 U.S.C. §1332(a).  Morgan Stanley is informed and believe that Drake is a citizen of California.  Morgan Stanley is incorporated in Delaware and has its principle place of business in New York.

1    100.   This Court has personal jurisdiction both because Drake has conducted

2    business within the State of California and because of the already-pending action

3    initiated by Drake.

4    101.   Venue for these counterclaims is proper in this judicial district

5    pursuant to 28 U.S.C. §§1391(a)(1) and 1391(a)(2).  This action was originally

6    brought in the Superior Court of California, County of Los Angeles.

## FIRST COUNTERCLAIM

### (Breach of Promissory Note dated December 3, 2007)

9    102.   On or about December 3, 2007, Morgan Stanley and Drake voluntarily

10    entered into a Promissory Note ("Note One"), a copy of which is attached hereto as

11    Exhibit A.  Pursuant to the terms of the Note, Drake was loaned the sum of

12    $22,000.00 by Morgan Stanley.

13    103.   By the terms of Note One, Drake agreed to repay the $22,000.00 plus

14    interest at the rate of 4.25% per annum while Drake was employed with Morgan

15    Stanley.  Note One further provides that the Note balance, plus interest, would be

16    repaid in five (5) equal annual installments of $4,400.00 beginning on December 3,

17    2008.

18    104.   Note One further provides that in the event of default, which included

19    the termination of Drake's employment with Morgan Stanley during the term of the

20    Note "for any reason whatsoever," Morgan Stanley may declare the remaining

21    balance on the Note immediately due and payable.  Pursuant to the Note, all

22    amounts due are to be repaid without notice, protest, presentment or demand.

23    105.   Drake's employment with Morgan Stanley ended on, or about,

24    February 27, 2009.  At that time, there remained a principal balance due and owing

25    under the Note One in the amount of $17,600.00.  Accordingly, the principal

26    balance of $17,600.00, plus interest at the rate of 4.25%, immediately became due

27    and owing on that date.  In addition, interest at the rate of 4.25% has accrued from

28

AMENDED ANSWER AND COUNTERCLAIMS
CV 09-6467 ODW (RCX)

1  February 27, 2009 and will continue to accrue at the rate of 4.25% until Drake has

2  repaid the entire loan he received from Morgan Stanley.

3      106.   On or about June 2, 2009, Morgan Stanley tendered a demand letter to

4  Drake to honor the remaining obligation due under Note One.  A copy of the

5  demand letter is attached hereto as Exhibit B.  To date, Drake has failed and has

6  refused to honor his obligation to Morgan Stanley.

7      107.   As a result of Drake's failure to honor his obligations to Morgan

8  Stanley, Morgan Stanley has been forced to commence this action.  Accordingly,

9  Morgan Stanley has and will continue to expend attorney time, and incur other

10  costs, which it would not have incurred had Drake honored his obligations to

11  Morgan Stanley.  Pursuant to the terms of Note One, Drake agreed that he would

12  pay all costs and expenses, including attorneys' fees, incurred by Morgan Stanley in

13  connection with the enforcement of the Note.

14      108.   Morgan Stanley has performed all terms and conditions required of it

15  under the Note.

16      109.   There is due and owing to Morgan Stanley in excess of $17,600.00,

17  which is the principal balance plus accrued interest due and owing under the Note

18  as of February 27, 2009, plus interest at the rate of 4.25% from February 27, 2009

19  to the date Drake pays the loan, plus accruing interest, costs and attorneys' fees.

20                  **SECOND COUNTERCLAIM**

21      **(Breach of Promissory Note dated January 27, 2007)**

22      110.   On or about January 27, 2007, the parties voluntarily entered into a

23  Promissory Note ("Note Two"), a copy of which is attached hereto as Exhibit C.

24  Pursuant to the terms of Note Two, Drake was loaned the sum of $88,000.00 by

25  Morgan Stanley.

26      111.   By the terms of Note Two, Drake agreed to repay the $88,000.00 plus

27  interest at the rate of 4.75% per annum while Drake was employed with Morgan

28  Stanley.  Note Two further provides that the Note Two balance, plus interest, would

OHS West:260812242.1                   - 18 -                   AMENDED ANSWER AND COUNTERCLAIMS
                                                                CV 09-6467 ODW (RCx)

1    be repaid in five (5) equal annual installments of $17,600.00 beginning January 26,

2    2008.

3        112.   Note Two further provides that in the event of default, which included

4    the termination of Drake's employment with Morgan Stanley during the term of the

5    Note "for any reason whatsoever," Morgan Stanley may declare the remaining

6    balance on the Note immediately due and payable.  Pursuant to the Note, all

7    amounts due are to be repaid without notice, protest, presentment or demand.

8    Further, Drake agreed in the Note that if he defaulted, any remaining unpaid

9    principal would accrue interest at the rate of 4.75% from the date of default.

10       113.   Drake's employment with Morgan Stanley ended on, or about,

11   February 27, 2009. At that time, there remained a principal balance due and owing

12   under Note Two in the amount of $70,326.00.  Accordingly, the principal balance

13   of $70,326.00, plus interest at the rate of 4.75%, immediately became due and

14   owing on that date.  In addition, interest at the rate of 4.75% has accrued from

15   February 27, 2009 and will continue to accrue at the rate of 4.75% until Drake has

16   repaid the entire loan he received from Morgan Stanley.

17       114.   On or about June 2, 2009, Morgan Stanley tendered a demand letter to

18   Drake to honor the remaining obligation due under Note Two.  A copy of the

19   demand letter is attached hereto as Exhibit B.  To date, Drake has failed and has

20   refused to honor his obligation to Morgan Stanley.

21       115.   As a result of Drake's failure to honor his obligations to Morgan

22   Stanley, Morgan Stanley has been forced to commence this action.  Accordingly,

23   Morgan Stanley has and will continue to expend attorney time, and incur other

24   costs, which it would not have incurred had Drake honored his obligations to

25   Morgan Stanley.  Pursuant to the terms of Note Two, Drake agreed that he would

26   pay all costs and expenses, including attorneys' fees, incurred by Morgan Stanley in

27   connection with the enforcement of the Note.

28

1    116.   Morgan Stanley has performed all terms and conditions required of it

2    under the Note.

3    117.   There is due and owing to Morgan Stanley in excess of $70,326.00,

4    which is the principal balance due and owing under the Note as of February 27,

5    2009, plus interest at the rate of 4.75% from February 27, 2009 to the date Drake

6    pays the loan, plus accruing interest, costs and attorneys' fees.

7    **THIRD COUNTERCLAIM**

8    **(Money Had and Received - Promissory Note dated December 3, 2007)**

9    118.   On or about February 27, 2009, Drake became indebted to Morgan

10   Stanley.  At that time, there remained a principal balance due and owing under the

11   Note One in the amount of $17,600.00.  Accordingly, the principal balance of

12   $17,600.00, plus interest at the rate of 4.25%, immediately became due and owing

13   on that date.  In addition, interest at the rate of 4.25% has accrued from

14   February 27, 2009 and will continue to accrue at the rate of 4.25% until Drake has

15   repaid the entire loan he received from Morgan Stanley.

16   119.   On or about June 2, 2009, Morgan Stanley tendered a demand letter to

17   Drake to honor the remaining obligation due under Note One.  A copy of the

18   demand letter is attached hereto as Exhibit B.  To date, Drake has failed and has

19   refused to honor his obligation to Morgan Stanley.

20   120.   The promissory note on which this counterclaim is based provides that

21   in the event legal action is taken to enforce collection, Morgan Stanley is entitled to

22   recover attorneys' fees and costs.

23   **FOURTH COUNTERCLAIM**

24   **(Money Had and Received - Promissory Note dated January 27, 2007)**

25   121.   On or about February 27, 2009, Drake became indebted to Morgan

26   Stanley.  At that time, there remained a principal balance due and owing under Note

27   Two in the amount of $70,326.00.  Accordingly, the principal balance of

28   $70,326.00, plus interest at the rate of 4.75%, immediately became due and owing

1    on that date.  In addition, interest at the rate of 4.75% has accrued from

2    February 27, 2009 and will continue to accrue at the rate of 4.75% until Drake has

3    repaid the entire loan he received from Morgan Stanley.

4        122.   On or about June 2, 2009, Morgan Stanley tendered a demand letter to

5    Drake to honor the remaining obligation due under Note Two.  A copy of the

6    demand letter is attached hereto as Exhibit B.  To date, Drake has failed and has

7    refused to honor his obligation to Morgan Stanley.

8        123.   The promissory note on which this counterclaim is based provides that

9    in the event legal action is taken to enforce collection, Morgan Stanley is entitled to

10    recover attorneys' fees and costs.

11                           **FIFTH COUNTERCLAIM**

12          **(Money Lent - Promissory Note dated December 3, 2007)**

13        124.   On or about February 27, 2009, Drake became indebted to Morgan

14    Stanley for money lent by Morgan Stanley to Drake.  At that time, there remained a

15    principal balance due and owing under the Note One in the amount of $17,600.00.

16    Accordingly, the principal balance of $17,600.00, plus interest at the rate of 4.25%,

17    immediately became due and owing on that date.  In addition, interest at the rate of

18    4.25% has accrued from February 27, 2009 and will continue to accrue at the rate of

19    4.25% until Drake has repaid the entire loan he received from Morgan Stanley.

20        125.   On or about June 2, 2009, Morgan Stanley tendered a demand letter to

21    Drake to honor the remaining obligation due under Note One.  A copy of the

22    demand letter is attached hereto as Exhibit B.  To date, Drake has failed and has

23    refused to honor his obligation to Morgan Stanley.

24        126.   The promissory note on which this counterclaim is based provides that

25    in the event legal action is taken to enforce collection, Morgan Stanley is entitled to

26    recover attorneys' fees and costs.

27

28

OHS West:260812242.1

AMENDED ANSWER AND COUNTERCLAIMS
CV 09-6467 ODW (RCX)

## SIXTH COUNTERCLAIM

### (Money Lent - Promissory Note dated January 27, 2007)

127.   On or about February 27, 2009, Drake became indebted to Morgan Stanley for money lent by Morgan Stanley to Drake.  At that time, there remained a principal balance due and owing under Note Two in the amount of $70,326.00. Accordingly, the principal balance of $70,326.00, plus interest at the rate of 4.75%, immediately became due and owing on that date.  In addition, interest at the rate of 4.75% has accrued from February 27, 2009 and will continue to accrue at the rate of 4.75% until Drake has repaid the entire loan he received from Morgan Stanley.

128.   On or about June 2, 2009, Morgan Stanley tendered a demand letter to Drake to honor the remaining obligation due under Note Two.  A copy of the demand letter is attached hereto as Exhibit B.  To date, Drake has failed and has refused to honor his obligation to Morgan Stanley.

129.   The promissory note on which this counterclaim is based provides that in the event legal action is taken to enforce collection, Morgan Stanley is entitled to recover attorneys' fees and costs.

130.   WHEREFORE, Morgan Stanley requests that it be granted an award against the Drake for the following:

### NOTE ONE

| | | |
|---|---|---|
| A. | The principal balance due and owing under Note One; | $17,600.00 |
| B. | Interest at the rate of 4.25% per annum on the balance due and owing under Note One from the date of default (February 27, 2009) to the date of payment; | To Be Proven |
| C. | The costs of collection and of this proceeding, including attorneys' fees as agreed to under the terms of Note One; and | To Be Proven |

OHS West:260812242.1

AMENDED ANSWER AND COUNTERCLAIMS
CV 09-6467 ODW (RCx)

| | | |
|---|---|---|
| D. | Any other relief as the Court deems just and equitable. | (Unknown at this Time) |

### NOTE TWO

| | | |
|---|---|---|
| A. | The principal balance due and owing under Note Two; | $70,326.00 |
| B. | Interest at the rate of 4.75% per annum on the balance due and owing under Note Two from the date of default (February 27, 2009) to the date of payment; | To Be Proven |
| C. | The costs of collection and of this proceeding, including attorneys' fees as agreed to under the terms of Note Two; and | To Be Proven |
| D. | Any other relief as the Court deems just and equitable. | (Unknown at this Time) |

### MORGAN STANLEY'S PRAYER FOR RELIEF

WHEREFORE, Morgan Stanley prays for the following relief:

(a)   That the Complaint be dismissed with prejudice and that Plaintiffs and the proposed class take nothing thereby;

(b)   That the purported class not be certified;

(c)   That judgment be entered in favor of Morgan Stanley on all claims and against Plaintiffs;

(d)   That judgment be entered in favor of Morgan Stanley on all counterclaims;

(e)   For damages, in an amount according to proof;

(d)   That Morgan Stanley be awarded its attorneys' fees under applicable law, and its costs of suit; and

OHS West:260812242.1

AMENDED ANSWER AND COUNTERCLAIMS
CV 09-6467 ODW (RCx)

1        (e)     For such other and further relief as this Court may deem proper.

2

3   Dated: January 25, 2010              LYNNE C. HERMLE
                                         TINA M. TRAN
4                                        TRISH M. HIGGINS
                                         ORRICK, HERRINGTON & SUTCLIFFE LLP
5

6                                        *Trish M. Higgins* tmr

7                                        Trish M. Higgins
                                         Attorneys for Defendant
8                                        Morgan Stanley & Co. Incorporated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

MORGAN STANLEY & CO. INCORPORATED                    PROMISSORY NOTE

$22,000.00        Torrance, CA                            December 03, 2007
( AMOUNT)          (CITY AND STATE)                        (DATE)

FOR VALUE RECEIVED, the undersigned ("Employee") promises to pay to Morgan Stanley & Co. Incorporated

("Morgan Stanley"), a Delaware Corporation, at (branch address)

21515 Hawthorne Blvd #700           , the principal sum of  twenty-two thousand dollars and zero cents

($22,000.00) with interest on any unpaid balance thereof at the higher rate of 4.25% per annum or the applicable

Federal Rate on the balance remaining from time to time unpaid.  Payments of principal and interest shall be due and

payable in the amounts and on the dates provided for hereafter.  Accrued interest shall be due and payable at the

same time that principal installments are due and payable.  Payment of principal shall be made as follows:

> $4,400.00 on December 03, 2008
>
> $4,400.00 on December 03, 2009
>
> $4,400.00 on December 03, 2010
>
> $4,400.00 on December 03, 2011
>
> $4,400.00 on December 03, 2012

Morgan Stanley shall declare this Note immediately due and payable, without notice or demand, if (i) the

Employee dies while employed by Morgan Stanley or if the Employee's employment with Morgan Stanley

terminates voluntarily or is terminated by Morgan Stanley for any reason whatsoever prior to the due date of any

payment under this Note, (ii) the Employee has not obtained and retained all licenses and registrations from the

FINRA, exchanges, state securities commissions and other regulatory bodies as Morgan Stanley shall determine

necessary in order to conduct securities or commodities transactions or (iii) at any time, in the sole opinion of

Morgan Stanley, the financial responsibility of the Employee has become impaired, such impairment to include,

without limiting the generality of the foregoing, the filing of a voluntary or involuntary petition under any

provision of any Federal or State bankruptcy or similar laws any assignment for the benefit of creditors; the entry

of judgment or issuance of an order of attachment or garnishment; or the commencement of any proceeding or

procedure for enforcement of a money judgment. The Employee hereby waives presentment, demand, protest or

notice of any kind in connection with this Note.

Privilege is reserved to prepay at any time without premium or fee all or any portion of the unpaid principal and accrued interest.

The undersigned understands and agrees that in the event of default in any payment or a portion of any payment due hereunder not cured within fifteen days, Morgan Stanley shall have the right, without notice, to withhold from any and all amounts payable, due or held in an account for the undersigned, as compensation or otherwise, amount(s) equal to any payment(s) in default hereunder and to apply such withheld amounts to the indebtedness hereunder.

The undersigned shall reimburse Morgan Stanley for any and all damages losses, costs and expenses (including attorneys' fees) incurred or sustained by Morgan Stanley as a result of the breach by the undersigned of any of the terms of this Note.

The provisions of this Note shall be severable and, if any provisions hereof shall be determined to be legally unenforceable or void, the remaining provisions of this Note shall be deemed to be valid and fully effective.

This Note is not a contract of employment for any period of time. Employee's employment with Morgan Stanley is on an at-will basis and nothing herein shall be construed as a contract of employment for a definite term.

Any controversy or claim arising out of or relating to this Note shall be settled by arbitration in accordance with the rules of the Financial Industry Regulatory Authority and judgment upon the award entered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

EMPLOYEE


_____          12/03/07
Signature                                 Date


Exhibit A
Page 26

Exhibit B

ALBERT & WILL, LLP

ATTORNEYS AT LAW
2601 AIRPORT DRIVE
SUITE 345
TORRANCE, CA 90505

TEL. (310)257-9363

FAX (310)257-9360

June 2, 2009

*Via Regular and Certified Mail RRR*

Mr. Jeremy Drake
C/o Heller Capital Resources
11835 West Olympic Blvd., Suite 360
Los Angeles, CA 90064

Re:  Morgan Stanley & Co. Inc.
Promissory Note Obligations
Total Amount Due as of June 2, 2009: $89,461

Dear Mr. Drake:

Our office has been retained by Morgan Stanley & Co. Incorporated to pursue collection of the amounts due on the loans you received from Morgan Stanley as referenced by the below Promissory Notes. During the course of your employment with Morgan Stanley, you executed the following promissory notes:

| NOTE | DATE | AMOUNT | DURATION |
|------|------|--------|----------|
| A | December 3, 2007 | $22,000 | 5 Years |
| B | January 27, 2007 | $88,000 | 5 Years |

Under the terms of the Notes, which are enclosed herewith, the outstanding balance on these Notes became due and payable on February 27, 2009, the date your employment with Morgan Stanley terminated.

With respect to Note A, the principal amount due at the time of your termination was $17,600. Pursuant to the terms of Note A, interest at the rate of 4.25% per annum has accrued since December 2, 2008 (the date of your last payment) in the amount of $373. Accordingly, as of the date of this correspondence, the balance due on Note A is $17,973. In addition, interest at the rate of 4.25% ($2.05 per day) will continue to accrue until Note A is paid.

With respect to Note B, the principal amount due at the time of your termination was $70,326. Pursuant to the terms of Note B, interest at the rate of 4.75% per annum has accrued since January 26, 2009 (the date of your last payment) in the amount of $1,162. Accordingly, as of the date of this correspondence, the balance due on Note B is $71,488. In addition, interest at the rate of 4.75% ($9.15 per day) will continue to accrue until Note B is paid.

Exhibit B
Page 27

DRAKE/MS 000001

Mr. Jeremy Drake
June 2, 2009
Page 2


In summary, the amounts due consist of the following:

| NOTE | PRIN. DUE | INTEREST | TOTAL | DAILY INT. |
|---|---|---|---|---|
| A | $17,600 | $373 | $17,973 | $2.05/day |
| B | $70,326 | $1,162 | $71,488 | $9.15/day |
| TOTAL | $87,926 | $1,535 | $89,461 | $11.20/day |

If you wish to resolve this matter without resort to legal process, you must, within thirty days, either pay the balance owed by forwarding a check to this office in the amount of $89,461, plus accrued interest, made payable to Morgan Stanley & Co. Incorporated or contact me to arrange an alternative acceptable resolution. In the event you do not submit payment or we are unable to resolve the matter, Morgan Stanley will pursue all available remedies including, but not limited to, filing arbitration with FINRA Dispute Resolution seeking the full amount of the debt, including accrued and accruing interest, attorneys' fees and costs, as provided for under the terms of the Notes.

The original creditor of this debt is Morgan Stanley & Co. Incorporated. This is an attempt to collect a debt on behalf of Morgan Stanley & Co. Incorporated and any information obtained will be used for that purpose.

Very truly yours,


Timothy N. Will


Attachments
TNW/ms

DRAKE/MS 000002

Exhibit C

MORGAN STANLEY DW INC.                                    PROMISSORY NOTE

$88,000.00        TORRANCE , CA                          January 26, 2007
( AMOUNT )              (CITY AND STATE)                  (DATE)

    FOR VALUE RECEIVED, the undersigned ("Employee") promises to pay to Morgan Stanley DW Inc.

("Morgan Stanley") at (branch address) 21515  HAWTHORNE BLVD. #700      , the

principal sum of eighty-eight thousand dollars and zero cents ($88,000.00) with interest on any unpaid balance

thereof at the higher rate of 4.75% per annum or the applicable Federal Rate on the balance remaining from time

to time unpaid.  Payments of principal and interest shall be due and payable in the amounts and on the dates

provided for hereafter.  Accrued interest shall be due and payable at the same time that principal installments are

due and payable.  Payment of principal shall be made as follows:

                    $17,600.00 on January 26, 2008

                    $17,600.00 on January 26, 2009

                    $17,600.00 on January 26, 2010

                    $17,600.00 on January 26, 2011

                    $17,600.00 on January 26, 2012


Morgan Stanley shall declare this Note immediately due and payable, without notice or demand, if (i) the

Employee dies while employed by Morgan Stanley or if the Employee's employment with Morgan Stanley

terminates voluntarily or is terminated by Morgan Stanley for any reason whatsoever prior to the due date of any

payment under this Note, (ii) the Employee has not obtained and retained all licenses and registrations from the

NASD, exchanges, state securities commissions and other regulatory bodies as Morgan Stanley shall determine

necessary in order to conduct securities or commodities transactions or (iii) at any time, in the sole opinion of

Morgan Stanley, the financial responsibility of the Employee has become impaired, such impairment to include,

without limiting the generality of the foregoing, the filing of a voluntary or involuntary petition under any

provision of any Federal or State bankruptcy or similar laws any assignment for the benefit of creditors; the entry

of judgment or issuance of an order of attachment or garnishment; or the commencement of any proceeding or

procedure for enforcement of a money judgment. The Employee hereby waives presentment, demand, protest or

notice of any kind in connection with this Note.

Exhibit C
Page 29

Privilege is reserved to prepay at any time without premium or fee all or any portion of the unpaid principal and accrued interest.

The undersigned understands and agrees that in the event of default in any payment or a portion of any payment due hereunder not cured within fifteen days, Morgan Stanley shall have the right, without notice, to withhold from any and all amounts payable, due or held in an account for the undersigned, as compensation or otherwise, amount(s) equal to any payment(s) in default hereunder and to apply such withheld amounts to the indebtedness hereunder.

The undersigned shall reimburse Morgan Stanley for any and all damages losses, costs and expenses (including attorneys' fees and court costs) incurred or sustained by Morgan Stanley as a result of the breach by the undersigned of any of the terms of this Note.

The provisions of this Note shall be severable and, if any provisions hereof shall be determined to be legally unenforceable or void, the remaining provisions of this Note shall be deemed to be valid and fully effective.

This Note is not a contract of employment for any period of time.  Employee's employment with Morgan Stanley is on an at-will basis and nothing herein shall be construed as a contract of employment for a definite term.

Any controversy or claim arising out of or relating to this Note shall be settled by arbitration in accordance with the rules of the National Association of Securities Dealers, Inc. and judgment upon the award entered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

EMPLOYEE

_____    1/26/07
Signature                                    Date

Exhibit C
Page 30

<u>CERTIFICATE OF SERVICE</u>

I am a citizen of the United States, more than eighteen years old and not a party to this action.  My place of employment and business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California  90017.

On February 2, 2010, I served the foregoing **Morgan Stanley & Co. Incorporated's Amended Answer and Counterclaims** on the interested parties in this action by placing true and correct copies thereof in sealed envelope(s) addressed as follows:

Brian F. Van Vleck                      Attorneys for Plaintiffs
Anthony J. Zaller                       Jeremy J. Drake and Adam Scott
Van Vleck Turner & Zaller LLP
555 West Fifth Street, 31st Floor
Los Angeles, CA  90013

On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above.  I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of these United States that the foregoing is true and correct.

Executed on February 2, 2010, at Los Angeles, California.

_Susan M. Spencer_
Susan M. Spencer