LYNNE C. HERMLE (State Bar No. 99779)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

TINA M. TRAN (State Bar No. 186529)
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

TRISH M. HIGGINS (State Bar No. 119215)
JINNIFER D. PITCHER (State Bar No. 252880)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: 916-447-9200
Facsimile: 916-329-4900

Attorneys for Defendant
Morgan Stanley & Co. Incorporated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEREMY J. DRAKE and ADAM SCOTT, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

MORGAN STANLEY & COMPANY, INC., MORGAN STANLEY DW, INC., and DOES 1 through 100 inclusive,

Defendants.

AND RELATED COUNTERCLAIMS

CASE NO. CV 09-6467 ODW (RCx)

**DEFENDANT MORGAN STANLEY & CO. INCORPORATED'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO PLAINTIFF JEREMY DRAKE'S EX PARTE APPLICATION TO SET ASIDE CLERK'S DEFAULT**

Date Action Filed: July 30, 2009
Trial Date: November 9, 2010

## I. INTRODUCTION

Plaintiff and Counter-Defendant Jeremy Drake ("Drake") has rushed into the Court seeking ex parte relief to have an entry of default set aside without even attempting to first meet-and-confer with Defendant Morgan Stanley & Co. Incorporated ("Morgan Stanley"). As supposed grounds for the extraordinary ex parte relief he seeks, Drake claims that unless his motion is adjudicated right now, Morgan Stanley will somehow "coerce" him into accepting a settlement offer that expired by its terms over a month ago and is no longer available to him. In support of this wild argument, Drake blatantly misrepresents the record to attempt to attack Morgan Stanley on ethical grounds. Despite this attempt, the facts clearly demonstrate that no ex parte relief is warranted here, and Drake can bring his motion for relief from entry of default (should it be needed after proper meet-and-confer) under the regular noticed motion procedures.

## II. EX PARTE APPLICATIONS ARE SOLELY FOR EXTRAORDINARY RELIEF

As the Court's Standing Order makes clear "[e]x parte applications are solely for extraordinary relief and should be used with discretion." Court's Standing Order at 8:21-22. In order to justify ex parte relief, Plaintiff must show (1) he will be "irreparably prejudiced" if his motion to set aside the default entered against him is heard according to regularly noticed motion procedures and (2) he is without fault in "creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. 1995). This standard imposes a significant burden on Plaintiff; ex parte applications are "rarely justified." *Id.* at 490; *see also In re Intermagnetics America, Inc.*, 101 B.R. 191, 192 (C.D. 1989) (ex parte applications are "nearly always improper").

////

////

## III. PLAINTIFF CANNOT SATISFY HIS BURDEN TO SHOW EXTRAORDINARY RELIEF IS WARRANTED

Here, Drake cannot demonstrate any justification for ex parte relief, much less show that he will be irreparably prejudiced. Drake's sole purported justification for his ex parte application is that Morgan Stanley will imminently obtain a default judgment before Drake can have his motion for relief from entry heard on the regular motion schedule. *See* Drake's Ex Parte Application at 1:22-25. Drake's argument fails for three key reasons.

First, Drake offers no evidence to support his claim and acknowledges that his application is based on the presumption that Morgan Stanley will rush to obtain a default judgment. *See id.* at 3:16-18 ("Morgan Stanley will presumably rush to obtain a default judgment . . . ."). In reality, Morgan Stanley has not yet filed to obtain default judgment and has no imminent intention to do so. *See* Declaration of Trish Higgins ("Higgins Decl."), ¶ 4. Indeed, if Drake had inquired with Morgan Stanley before rushing into the Court himself, he would understand that Morgan Stanley is willing to be reasonable if Drake is going to attempt to set aside the default. *See id.*, ¶¶ 4-5.

Second, the absence of any emergency to justify the ex parte relief Drake seeks is apparent from the Court's rules. Contrary to Drake's suggestion of "secret" defaults, the Federal Rules of Civil Procedure mandate that Morgan Stanley provide Drake with written notice of any application for default judgment at least seven days before a hearing. Fed. R. Civ. Proc. 55 (b) (2); *see also* L.R. 55-1 (e). Thus, in the event that Morgan Stanley does move forward in obtaining default judgment, the Rules provide Drake with ample time to oppose the application.

In any event, even if Morgan Stanley did file an application for default judgment, Drake could effectively seek the relief he requests in the underlying motion (relief from the default entry) through his opposition to the application for

default judgment. Thus, Drake would not be "irreparably prejudiced" by having one motion heard in advance of the other, even if that were to occur.

## IV. PLAINTIFF'S ETHICAL ATTACK ON MORGAN STANLEY AND ITS COUNSEL IS UNSUPPORTED AND UNTRUE

Straining to support his insinuation that Morgan Stanley will (contrary to applicable procedural rules) rush into Court in some secret manner and obtain a default judgment, Drake attempts to put the ethical behavior of Morgan Stanley and its counsel at issue. Specifically, Drake cites an exchange in his deposition and claims that Morgan Stanley has threatened to damage his "livelihood" if he does not accept Morgan Stanley's "settlement offer." Drake blatantly misrepresents the record, and his misleading smears are unsupported and untrue.

First, as demonstrated by Drake's own evidence, there is no outstanding settlement offer for Drake to accept. To the contrary, the letter that Drake cites in support of his motion contains an offer which expired by its terms on February 8, 2010 and is no longer available for acceptance by Drake, and Morgan Stanley is no longer extending to him any settlement offer. *See* Declaration of Brian Van Vleck ("Van Vleck Decl."), Exh. C (Letter dated Feb. 1, 2010) at 2 ("this settlement offer . . . will remain available only for the next five business days, until February 8, 2010"); Higgins Decl., ¶ 2. Drake was asked a few questions about that letter at his deposition because his knowledge (or lack thereof) of the expired settlement offer relates to the adequacy of class counsel and of Drake as a class representative. Higgins Decl., ¶ 3. Drake's insinuation that the settlement

////

////

////

////

////

////

offer somehow looms as a threat to him is thus nonsensical because no settlement offer currently exists.[1]

Second, Drake's attempt to paint Morgan Stanley as surprising him with the entry of default at his deposition is likewise incorrect. Morgan Stanley electronically filed its request for entry of default on March 8, 2010, the Court entered the default on March 9, 2010, and Drake's counsel was contemporaneously e-served with both documents. *See* Docket Nos. 36, 39. That counsel for Drake apparently did not inform his client of this event prior to Drake's deposition on March 10, 2010, is not a reflection of any "secret" actions by Morgan Stanley.

Third, Drake's claim that Morgan Stanley informed him that "any subsequent judgment would jeopardize his securities license and thus his livelihood" is simply false. As the record clearly shows, Morgan Stanley asked Drake whether he was aware that an unsatisfied judgment could jeopardize his license, and he responded that he was. *See* Van Vleck Decl., Exh. B (Drake Depo.) at 297:25 – 298:4.

In short, Drake's unwarranted and misleading attack on the conduct of Morgan Stanley and its counsel is nothing more than a red herring. The expired settlement offer and questions at his deposition are irrelevant to whether Drake has satisfied his burden to show that ex parte relief from the entry of default is justified

////

[1] In another unsupported smear, Drake states, without the slightest explication, that the expired settlement offer was a "highly unethical offer to abandon the claims of the putative class members." *See* Ex Parte Application at 1: 21. As explained in the letter, Morgan Stanley is confident that no class will be certified in this matter (and, even if it were, no liability will be found), and Morgan Stanley offered a settlement that included dismissal of the putative class claims without prejudice. Such settlement terms are appropriate, common, and no way prejudice the interests of the putative class members. *See, e.g., In re Shell Oil Refinery*, 152 F.R.D. 526, 536 (E.D. La. 1989) ("Several courts have recognized that individual settlements are permissible in a class action. . . . Class members are free to accept or reject individual settlement offers. Plaintiffs' argument that individual settlements are impermissible because they might destroy the class action is without merit."); *see also* Advisory Committee Notes regarding 2003 Amendments to Rule 23 (contemplating "settlements with putative class representatives that resolve[] only individual claims").

in this case. Because he cannot make this showing, Drake attempts to obscure the issues before the Court by making false attacks on Morgan Stanley.

## V. CONCLUSION

Drake cannot satisfy his required showing to establish ex parte relief is merited in this case. Accordingly, Morgan Stanley requests that the Court deny Drake's ex parte application and instruct Drake to file his motion for relief from entry of default according to the Court's regular motion procedures.

Dated: March 12, 2010.

LYNNE C. HERMLE
TINA M. TRAN
TRISH M. HIGGINS
JINNIFER PITCHER
ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Trish Higgins

Trish M. Higgins
Attorneys for Defendant
Morgan Stanley & Co. Incorporated