1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  JESSICA PERRY (STATE BAR NO. 209321)
   jperry@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA  94025
   Telephone:  650-614-7400
5  Facsimile:   650-614-7401

6  TINA M. TRAN (STATE BAR NO. 186529)
   ttran@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
8  Los Angeles, CA  90017
   Telephone:  213-629-2020
9  Facsimile:   213-612-2499

10 TRISH M. HIGGINS (STATE BAR NO. 119215)
   thiggins@orrick.com
11 JINNIFER D. PITCHER (STATE BAR NO. 252880)
   jpitcher@orrick.com
12 ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
13 Sacramento, CA  95814-4497
   Telephone:  916-447-9200
14 Facsimile:   916-329-4900

15 Attorneys for Defendant and Counterclaimant
   Morgan Stanley & Co. Incorporated
16

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY J. DRAKE and ADAM SCOTT, on behalf of themselves and others similarly situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>MORGAN STANLEY & COMPANY, INC., MORGAN STANLEY DW, INC. and DOES 1 through 100 inclusive,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV 09-6467 ODW (RCx)<br><br>CLASS ACTION<br><br>**DEFENDANT MORGAN STANLEY & CO. INCORPORATED'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:  May 10, 2010<br>Time:  1:30 p.m.<br>Room:  11<br><br>Action Filed:  July 30, 2009<br>Trial Date:     November 30, 2010 |

OHS West:260892201.1                                     - 1 -                          DEFENDANT'S NOTICE OF MOTION & MOTION
                                                                                        FOR PARTIAL SUMMARY JUDGMENT
                                                                                        (Case No. CV 09-6467 ODW (RCx))

TO PLAINTIFFS JEREMY J. DRAKE AND ADAM SCOTT, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 10, 2010, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 11 of this Court, located at 312 N. Spring Street, Los Angeles, California 90012, before the Honorable Otis D. Wright II, defendant Morgan Stanley & Co. Incorporated (sued erroneously herein as Morgan Stanley & Company, Inc.; Morgan Stanley DW, Inc.) ("Morgan Stanley" or "Defendant"), will and does hereby move this Court, pursuant to Federal Rule of Civil Procedure 56, for partial summary judgment in its favor on the Complaint of plaintiffs Jeremy J. Drake ("Drake") and Adam Scott ("Scott") (collectively, "Plaintiffs") and for costs of suit incurred herein and such other relief as may be just. This motion is made on the ground that there is no triable issue of material fact as to the Plaintiffs' claim for penalties under the California Private Attorney General Act ("PAGA"), or as to Plaintiffs' Fifth Cause of Action for unlawful restraint of trade under California Business & Professions Code sections 17200, 16600 and 16700 *et. seq.*, with the exception of the subpart of this claim relating to wage deductions (*i.e.*, the portion of the claim derivative of Plaintiffs' first cause of action). Accordingly, Morgan Stanley is entitled to adjudication of these claims as a matter of law, as more fully set forth in the accompanying memorandum of points and authorities in support of the motion.

More specifically, the motion for partial summary judgment is made on the following grounds:

(1) Plaintiffs' PAGA claim fails because Plaintiffs did not exhaust the required administrative prerequisites for bringing such a claim prior to filing this lawsuit.

(2) Plaintiffs' PAGA claim fails because Plaintiffs did not plead in their Complaint that they have exhausted the required administrative prerequisites for bringing such a claim prior to filing this lawsuit.

1      (3)    As a matter of law, Plaintiffs' promissory note agreements did not constitute unfair competition or an unlawful restraint of trade.

    (4)    As a matter of law, MS's practices with respect to the non-solicitation of clients by Plaintiffs did not constitute unfair competition or an unlawful restraint of trade.

    (5)    As a matter of law, MS did not fail to timely pay Plaintiffs incentive compensation due upon termination.

This motion is based on this Notice, the Memorandum of Points and Authorities in Support of the Motion, the accompanying Declaration of Trish M. Higgins and exhibits thereto, the accompanying Compendium of Evidence, and the [Proposed] Separate Statement of Uncontroverted Facts and Conclusions of Law, all of which are served and filed herewith; the pleadings and papers on file in this action, any matters upon which the Court may or must take judicial notice; any evidence or argument presented at the hearing on the motion, and any other matters the Court deems proper.

Dated:    April 12, 2010.

    LYNNE C. HERMLE
    TINA M. TRAN
    TRISH M. HIGGINS
    JINNIFER D. PITCHER
    ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   /s/ Trish Higgins
    Trish M. Higgins
    Attorneys for Defendant
    Morgan Stanley & Co. Incorporated